708 So.2d 661 (1998)
The STATE of Florida, Appellant,
v.
Maurice Lambert MEYERS, Appellee.
No. 97-941.
District Court of Appeal of Florida, Third District.
April 8, 1998.
*662 Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellee.
Before NESBITT, LEVY and SHEVIN, JJ.
NESBITT, Judge.
In this case, the State argues that the sentencing provisions of section 775.084(1)(c), Florida Statutes (1995) provide for a mandatory minimum sentence upon the trial court's classification of a defendant as a violent career criminal. Thus, the State maintains, the trial court erred when it "Gortized"[1] the defendant, Maurice Lambert Meyers, but sentenced him to less than the mandatory minimum term provided under that section. We agree, vacate defendant's sentence, and remand for further proceedings.
On January 3, 1997, the State filed an information charging defendant with burglary of an unoccupied dwelling, a second degree felony. See § 810.02(3)(6), Fla. Stat. (1995). On January 17, 1997, the State filed a Notice of Intent to Seek Enhanced Penalty pursuant to section 775.084(1)(c). On March 10, 1997, defendant appeared before the court for a plea hearing. At that time, defense counsel informed the court that defendant would accept the court's plea offer of sixty-five months as a violent career criminal. The State objected to the sentence, arguing that the court was obligated to impose the mandatory minimum sentence prescribed under section 775.084(1)(c), once the court classified the defendant as a violent career criminal.
Despite the State's objection, the trial court and defendant entered into a plea agreement pursuant to which defendant entered a plea of nolo contendere in exchange for a sentence of a mandatory minimum sixty-five months incarceration as a violent career criminal. The court made a finding the defendant in fact qualified to be sentenced as a violent career criminal, and that sentencing defendant as a violent career criminal was necessary for the protection of the public. The court also noted, however, that the facts in the instant case were weak and that the State had nolle prossed the co-defendant's case, thus warranting a sentence for the defendant of less that the minimum mandatory sentence prescribed for a violent career criminal. The court entered adjudication and sentence, and the State timely appealed.
The violent career criminal statute, section 775.084(1), provides in relevant part:
(c) "Violent career criminal" means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(c), if it finds that:
1. The defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that is:
a. Any forcible felony, as described in s. 776.08;
...
3. The primary felony offense for which the defendant is to be sentenced is a felony enumerated in subparagraph 1. and was committed on or after October 1, 1995, and:
(3)(b) In a separate proceeding, the court shall determine whether the defendant is a violent career criminal with respect to a primary offense committed on or after October 1, 1995. The procedure shall be as follows:
...
5. For an offense committed on or after October 1, 1995, if the state attorney pursues a violent career criminal sanction against the defendant and the court, in a *663 separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, the court must sentence the defendant as a violent career criminal, subject to imprisonment pursuant to this section unless the court finds that such sentence is not necessary for the protection of the public.

...
(4)(c) The court, in conformity with the procedure established in paragraph (3)(b), shall sentence the violent career criminal as follows:
...
2. In the case of a felony of the second degree, for a term of years not exceeding 40, with a minimum term of 30 years' imprisonment.
...
(d) If the court finds, pursuant to paragraph... (3)(b), that it is not necessary for the protection of the public to sentence the defendant who meets the criteria for sentencing as a ... violent career criminal, with respect to an offense committed on or after October 1, 1995, sentence shall be imposed without regard to this section.
(Emphasis added.)
Thus, by the clear terms of the statute, once the defendant is classified as a violent career criminal, the statutorily prescribed sentence includes a mandatory minimum term of imprisonment. Further supporting this conclusion is section 775.0841, Florida Statutes (1995), which provides:
Legislative findings and intent
The Legislature finds a substantial and disproportionate number of serious crimes are committed in Florida by a relatively small number of repeat and violent felony offenders, commonly known as career criminals. The Legislature further finds that priority should be given to the investigation, apprehension, and prosecution of career criminals in the use of law enforcement resources and to the incarceration of career criminals in the use of available prison space. The Legislature intends to initiate and support increased efforts by state and local law enforcement agencies and state attorneys' offices to investigate, apprehend, and prosecute career criminals and to incarcerate them for extended terms; and, in the case of violent career criminals, such extended terms must include substantial mandatory minimum terms of imprisonment. (Emphasis added.) Thus, when a violent career criminal is identified, the legislature has mandated that the entire and full resources of the state ought to bear in order to successfully prosecute and punish such an individual.
Consequently, the legislature has directed that when a violent career criminal is identified, the entire and complete resources of the state be brought to bear in the apprehension, prosecution and punishment of such an individual.
We acknowledge that we have previously held that the imposition of mandatory minimum terms under the habitual offender and habitual violent felony provisions of section 775.084 are permissive, not mandatory. See Hudson v. State, 682 So.2d 657, 658 (Fla. 3d DCA 1996), approved, 698 So.2d 831 (Fla. 1997); State v. Morales, 678 So.2d 510 (Fla. 3d DCA 1996). However that construction is entirely consistent with our analysis today. While the "may" as used in the habitual felony offender and habitual violent felony offender is construed as permissive, "must" and "shall" as used in the violent career criminal provision can only be construed as mandatory. See City of Miami v. Save Brickell Ave., Inc., 426 So.2d 1100, 1105 (Fla. 3d DCA 1983); Fixel v. Clevenger, 285 So.2d 687, 688 (Fla. 3d DCA 1973). See also Zuckerman v. Alter, 615 So.2d 661, 663 (Fla.1993)(holding words employed in statute should be construed in their plain and ordinary sense). Furthermore, because the trial court retains the discretion to conclude the violent career criminal classification and accompanying mandatory minimum sentence are not necessary for the protection of the public, the separation of powers doctrine is not violated by the mandatory sentence. See London v. State, 623 So.2d 527, 528 (Fla. 1st DCA 1993).
To clarify, when the state attorney pursues a violent career criminal sanction against a defendant, the trial court has two *664 choices: it can Gortize the defendant and sentence him in compliance with the mandatory minimum provision of the statute, or it can determine that a violent career criminal classification is not necessary for the protection of the public and not be bound by the mandatory provision of the section. The statute is drawn in such a way that the trial judge need only find that the defendant is not a danger to the community when the judge decides to sentence the defendant outside the mandatory sentencing provision of this section.
Applying this analysis to the instant case, section 775.084(4)(c)(2), expressly provides that, for a felony of the second degree, a violent career criminal must be sentenced to "a term of years not exceeding 40, with a mandatory minimum term of 30 years' imprisonment." Since the trial court decided to sentence defendant as a violent career criminal, the court erred in sentencing the defendant to the sixty-five-month term ordered, rather than the term mandated by section 775.084(4)(c)2.
Accordingly, defendant's sentence as ordered is unlawful. We vacate the sentence and remand the cause to the trial court for imposition of the sentence mandated for a violent career criminal, or to allow defendant to withdraw from the plea agreement if he so chooses. See, e.g., State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994).
NOTES
[1] Chapter 95-182, Laws of Florida substantially amended section 775.084 by creating the "Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995".