718 So.2d 933 (1998)
The STATE of Florida, Appellant,
v.
James Stanley HARRIS, Appellee.
No. 97-3253.
District Court of Appeal of Florida, Third District.
October 7, 1998.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Suzanne M. Froix, Assistant Public Defender, for appellee.
Before JORGENSON, COPE and GERSTEN, JJ.
COPE, Judge.
The State appeals an order imposing sentence on defendant-appellee James Harris as a violent career criminal. The State contends that the trial court erred in imposing a twenty-five-year mandatory sentence on defendant for a first-degree felony, when the applicable statute calls for a mandatory life term. See § 775.084(4)(c)1., Fla. Stat. (1995). Although the trial court did not have the benefit of it at the time of the sentencing hearing in this case, during the pendency of this appeal this court announced State v. Meyers, 708 So.2d 661 (Fla. 3d DCA 1998), which resolves this issue favorably to the State. If a trial court elects to sentence a defendant as a violent career criminal for a first-degree felony, a life sentence must be imposed. See id. at 663-64. Accordingly, we must reverse the sentencing order and remand *934 for a new sentencing hearing in light of State v. Meyers.
The State contends that on remand the trial court must increase the sentence to the mandatory life term. We disagree. The statute calls for the trial court to impose sentence as a violent career criminal unless "the court finds ... that it is not necessary for the protection of the public ...." § 775.084(4)(d), Fla. Stat. (1995). The transcript strongly suggests that the trial court believed a life sentence as a violent career criminal was not necessary for the protection of the public. If on remand that is the court's finding, then the trial court may consider all other available sentencing options.
Reversed and remanded for a new sentencing hearing.