SHEVIN, Judge.
Pedro Calderon and Pedro Verdura appeal judgments of convictions asserting that the trial court abused its discretion in denying their trial severance motions. Calderon also seeks to vacate his violent career criminal sentence.
We affirm the judgments of convictions finding no abuse of discretion in the trial court’s denial of defendants’ severance motions. See Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); Smith v. State, 699 So.2d 629 (Fla.1997); McCray v. State, 416 So.2d 804 (Fla.1982). However, the state properly concedes that the trial court must resentence Calderon. The record shows that the trial court mistakenly believed that a violent career criminal sentence was mandatory. As stated in State v. Harris, 718 So.2d 933, 934 (Fla. 3d DCA 1998), “[t]he statute calls for the trial court to impose sentence as a violent career criminal unless ‘the court finds ... that it is not necessary for the protection of the public ...’” See State v. Meyers, 708 So.2d 661 (Fla. 3d DCA 1998). The sentencing hearing transcript reflects that the trial court believed it was precluded from finding that a violent career criminal sentence was not necessary for the public’s protection merely because defendant qualified for violent career criminal status. Cf. Simboli v. State, 728 So.2d 792 (Fla. 5th DCA)(court’s statement as to VCC statute is merely lament as to legislative erosion of judicial sentencing discretion), review denied, 741 So.2d 1137 (Fla.1999). However, the transcript indicates that the court really thought that such sentence for this particular crime (the theft of a bicycle) was not necessary to protect the public. As we stated in Meyers:
To clarify, when the state attorney pursues a violent career criminal sanction against a defendant, the trial court has two choices: it can Gortize the defendant and sentence him in compliance with the mandatory minimum provision of the statute, or it can determine that a violent career criminal classification is not necessary for the protection of the public and not be bound by the mandatory provision of the section. The statute is drawn in such a way that the trial judge need only find that the defendant is not a danger to the community when the judge decides to sentence the defendant outside the mandatory sentencing provision of this section.
Meyers, 708 So.2d at 663-64. On remand, the court may make that finding and consider other sentencing options. See Harris, 718 So.2d at 934. In addition, Calderon’s sentencing scoresheet should be corrected to delete points for possession of burglary tools. Accordingly, we vacate Calderon’s sentence, and remand for resentencing.
Convictions affirmed; Calderon’s sentence vacated; and cause remanded to re-sentence Calderon.