849 So.2d 449 (2003)
Terrence Lee HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1659.
District Court of Appeal of Florida, Third District.
July 16, 2003.
*450 Bennett H. Brummer, Public Defender, and Carlos Gonzalez, Assistant Public Defender, for Appellant.
Charles J. Crist, Jr., Attorney General, and Andrea D. England (Ft.Lauderdale), Assistant Attorney General, for Appellee.
Before SCHWARTZ, C.J., and GODERICH, J., and NESBITT, Senior Judge.
PER CURIAM.
At the outset we reject the appellant's argument that the "burglary" enumerated in Section 776.08, Florida Statutes (2000), does not qualify as a "forcible felony" and therefore, it does qualify the appellant for sentencing under Section 775.084(1)(d), Florida Statutes (2000). Rodriguez v. State, 837 So.2d 1177 (Fla. 3d DCA 2003); Delsol v. State, 837 So.2d 428 (Fla. 3d DCA 2002); Diaz v. State, 837 So.2d 436 (Fla. 3d DCA 2002).
We remand this matter for resentencing because, as the State concedes, the trial judge mistakenly believed he was compelled to impose a violent career criminal sentence once the qualifying offenses were established. The trial court actually had discretion, per Section 775.084(4)(d), Florida Statutes (2000), to determine whether the Gort classification, and enhanced sentence, is necessary for the protection of the public. In Calderon v. State, 745 So.2d 535, 536 (Fla. 3d DCA 1999) we ordered a similar remand, and stated, in language applicable here:
The record shows that the trial court mistakenly believed that a violent career criminal sentence was mandatory. As stated in State v. Harris, 718 So.2d 933, 934 (Fla. 3d DCA 1998), "[t]he statute calls for the trial court to impose sentence as a violent career criminal unless `the court finds ... that it is not necessary for the protection of the public...'" See State v. Meyers, 708 So.2d 661 (Fla. 3d DCA 1998). The sentencing hearing transcript reflects that the trial court believed it was precluded from finding that a violent career criminal sentence was not necessary for the public's protection merely because defendant qualified for violent career criminal status.
We find no merit in the defendant's further claim that the sentence imposed was legally "vindictive."
*451 This matter is therefore remanded to the same trial judge for resentencing consistent herewith.
GODERICH, J. and NESBITT, Senior Judge, concur.
SCHWARTZ, Chief Judge (specially concurring in part, dissenting in part).
I agree without qualification to remanding the cause for resentencing. See Calderon v. State, 745 So.2d 535 (Fla. 3d DCA 1999). I concur with the "burglary" holding because this court has already so held. But see Delsol v. State, 837 So.2d 428, 429 (Fla. 3d DCA 2002)(Schwartz, C.J., dissenting in part).
Finally, I believe that the trial judge's participation in the plea negotiations does not pass muster under Wilson v. State, 845 So.2d 142 (Fla.2003). See Nairn v. State, 837 So.2d 519 (Fla. 3d DCA 2003). I would therefore remand for resentencing before another judge. Wilson, 845 So.2d at 158.