PER CURIAM.
We affirm Leon Jackson’s conviction but reverse his sentence. After the jury found Jackson guilty of burglary of a dwelling and petit theft, the trial court held a sentencing hearing and stated: “Well, the problem that you have is because you’re a violent career criminal, a GORT, the law says I’ve got to sentence you to a 30-year minimum/mandatory. There’s nothing I can do.”
The court then sentenced Jackson as a violent career criminal under section 775.084(l)(d), Florida Statutes (2003), and imposed a sentence, on count one, of forty years in state prison with a thirty-year mandatory minimum; and on count two, to credit for time served.
As in Calderon v. State, 745 So.2d 535, 536 (Fla. 3d DCA 1999), the record shows that the trial court mistakenly believed that a violent career criminal sentence was mandatory. See State v. Harris, 718 So.2d 933, 934 (Fla. 3d DCA 1998) (stating that “[t]he statute calls for the trial court to impose sentence as a violent career criminal unless ‘the court finds ... that it is not necessary for the protection of the public ... ’ ”). The quoted language from the sentencing hearing transcript reflects that the trial court believed it had no choice but to sentence Jackson as a violent career criminal to a minimum mandatory sentence of thirty years.
We therefore affirm Jackson’s conviction, but reverse and remand for resen-tencing.