WETHERELL, J.
 

 Appellant was convicted of armed robbery, armed burglary, and false imprisonment, and was sentenced to 12 years in prison. He raises two issues in this direct appeal: 1) whether the trial court erred in denying his motion to suppress the victim’s out-of-court and in-court identifications, and 2) whether the trial court abused its discretion in not sentencing him as a youthful offender. We affirm both issues, and write only to address Appellant’s contention that the trial court impermissibly based its sentencing decision on its personal opinion of the youthful offender program.
 

 The trial court has discretion to sentence as a youthful offender a defendant who is at least 18 years old and has been found guilty of a felony (except for a capital or life felony) committed before the defendant’s 21st birthday. § 958.04(1), Fla. Stat. (2007). However, “[t]he lower court is under no obligation to sentence [a defendant] under the Youthful Offender Act unless the lower court believes such a sentence would be appropriate.”
 
 Holmes v. State,
 
 638 So.2d 986, 987 (Fla. 1st DCA 1994);
 
 see also Bell v. State,
 
 429 So.2d 403, 404 (Fla. 1st DCA 1983). “[A]pplieation of the Youthful Offender Act to any particular defendant is discretionary with the trial judge who is in the best position to determine whether sentencing under the act is the most desirable treatment for that defendant.”
 
 Ellis v. State,
 
 475 So.2d 1021, 1023 (Fla. 2d DCA 1985).
 

 The trial court’s sentencing discretion under the Youthful Offender Act is not unbridled. Like any other exercise of judicial discretion, the trial court’s sentencing decision must be supported by logic and reason and must not be based upon the whim or caprice of the judge.
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980);
 
 see also Booker v. State,
 
 514 So.2d 1079, 1084 (Fla.1987) (“The abuse of discretion standard exists to ensure that sentences are not imposed arbitrarily or capriciously or at the whim of an individual judge whose personal feelings against a particular defendant, or a particular type of crime, may render the sentence imposed so offensive to traditional notions of justice that it does not meet the objective test of reasonableness.”).
 

 At sentencing, Appellant requested that the trial court sentence him as a youthful offender because he was 18 years old when the offenses were committed and he had no prior record except for a marijuana charge as a juvenile. The state objected to a youthful offender sentence, stating “this is not the type of case for that sort of treatment.” The trial court recognized that it had the discretion to sentence Appellant as a youthful offender, but it expressly decided not to do so. In explaining its decision, the trial court stated:
 

 The court has had the opportunity ... to know this case fairly well because I’ve basically had it tried before me twice. The first time on the motion hearing and the second time the actual trial and I do believe there was some influence going on there over you, I mean [defense counsel] has indicated the perplexing nature of somebody without an extensive prior criminal record such as you getting involved in something so significant and impactful as robbery and burglary [with] a firearm and I think in part it can be explained by your presence with the oth
 
 *162
 
 er individuals involved in the criminal activity but there is a fairly candid look into your personal nature in the presen-tence investigation where one reads that you have regularly before reaching the age of entitlement been drinking alcoholic beverages and have regularly abused controlled substances and ... that reveals a disregard of the law.
 

 * * *
 

 This is not one of those crimes somebody just stumbles into. It is not an accidental kind of occurrence. It was ... a planned enterprise between you and the others involved to do this and for that reason I have to take that and look at it seriously.
 

 I do find you guilty and adjudicate you guilty. In part because of my personal diminishing regard for the youthful offender program, not because of you but because if the youthful offender program was meritorious and worthy ... I would at least give it some thought but in light of the nature of this offense I don’t even give it passing consideration because I just don’t think it is the right thing to do. I don’t think it takes it as serious and a crime of this nature requires it to be dealt with and for that reason I will not be imposing a youthful offender sentence.
 

 Focusing on the last paragraph, Appellant contends that the trial court abused its discretion by basing its decision not to sentence him as a youthful offender on the court’s personal opinion of youthful offender program. We agree that the trial court’s views on the efficacy of the youthful offender program as a whole have no place in its sentencing decision. However, when those comments are viewed in context of trial court’s complete explanation of its sentencing decision, we are satisfied that the court’s decision not to sentence Appellant as a youthful offender was properly based upon a consideration of Appellant’s circumstances and the serious nature of his crimes, rather than the court’s opinion of the youthful offender program. Accordingly, we conclude that the trial court did not abuse its discretion in declining to sentence Appellant as a youthful offender.
 

 For these reasons, the judgment and sentence on appeal are AFFIRMED.
 

 LEWIS and THOMAS, JJ., concur.