GERBER, J.
 

 Keith Soanes (the “defendant”) appeals his conviction for robbery with a firearm and his sentence to life in prison as a violent career criminal. We affirm the conviction, but reverse the sentence and remand for resentencing.
 

 We find no error in the trial court’s admission of a photo array where the photo was cropped to remove all indicia that the defendant was in jail attire.
 
 Baynham v. State,
 
 937 So.2d 1195, 1196 (Fla. 4th DCA 2006). We also find no error in the state’s closing argument which the defendant claims effectively called him a “liar.”
 
 See Craig v. State,
 
 510 So.2d 857, 865 (Fla.1987) (“When counsel refers to a ... defendant as being a ‘liar,’ and it is understood from the context that the charge is made with reference to testimony given by the person thus characterized, the prosecutor is merely submitting to the jury a conclusion that he is arguing can be drawn from the evidence.”). We further find that the state’s closing argument did not ridicule the defendant’s theory of defense.
 
 See De Jesus v. State,
 
 684 So.2d 875, 876 (Fla. 3d DCA 1996) (“We think that these comments ... were within the range of appropriate advocacy and therefore not erroneous, much less so beyond the pale as to vitiate the trial entirely and require a new one.”).
 

 However, the trial court erred during sentencing when it stated that it did not think it had any discretion other than to sentence the defendant to life in prison as a violent career criminal. Section 775.084(3)(c)5., Florida Statutes (2008), provides that, if the court determines the defendant meets the criteria for imposing such a sanction, “the court must sentence
 
 *915
 
 the defendant as a violent career criminal, subject to imprisonment pursuant to this section
 
 unless the count finds that such sentence is not necessary for the protection of the public.”
 
 § 775.084(3)(c)5., Fla. Stat. (2008) (emphasis added);
 
 see also Harris v. State,
 
 849 So.2d 449, 450 (Fla. 3d DCA 2003) (“We remand this matter for resentencing because ... the trial judge mistakenly believed he was compelled to impose a violent career criminal sentence once the qualifying offenses were established.”). We are not convinced by the state’s arguments that the defendant invited or waived the sentencing error.
 
 See Westgate Miami Beach, Ltd. v. Newpont Operating Corp.,
 
 16 So.3d 855, 858 (Fla. 3d DCA 2009) (“It appears that the lawyers and the trial court were all operating under the same misapprehension of the law. Thus, the invited error doctrine ... [does] not provide the relief the plaintiff now seeks.”).
 

 Therefore, we reverse the sentence and remand for resentencing, at which the trial court shall determine whether a violent career criminal sentence is or is not necessary for the protection of the public. The possibility of a life sentence as a violent career criminal remains within the trial court’s discretion.
 

 Affirmed in pant, reversed in pant, and remanded for resentencing.
 

 TAYLOR and LEVINE, JJ., concur.