CRENSHAW, Judge.
The State appeals the sentence imposed after Joshua Delmar Malone pleaded no contest to attempted first-degree murder with a firearm. Malone concedes and we agree that the trial court erred in sentencing Malone as a youthful offender for a life felony. We therefore reverse and remand for further proceedings.
Malone was charged by information in 2008 with attempted first-degree murder with a firearm pursuant to sections 782.04(l)(a), 777.04, 775.087(1), and 775.087(2)(a)(2), Florida Statutes (2008). Malone pleaded no contest to the charge and was sentenced as a youthful offender to six years’ imprisonment following a plea colloquy.[1] The State objected to the imposed sentence, arguing that Malone was subject to a mandatory minimum sentence of twenty years’ imprisonment under section 775.087(2)(a)(2).
We find the trial court erred in sentencing Malone to six years’ prison as a youthful offender because Malone pleaded no contest to a life felony, making him ineligible for youthful offender sentencing. First-degree murder is a capital felony under section 782.04(l)(a)(l), and therefore attempted first-degree murder qualifies as a first-degree felony. See § 777.04(4)(b). Because the use of a firearm is not an essential element of the offense of attempted first-degree murder, the felony here is reclassified as a life felony because a firearm was used during the commission of the attempted murder. See § 775.087(l)(a). And because Malone was convicted of a life felony, it was error for the court to sentence him as a youthful offender. See § 958.04(l)(c), Fla. Stat. (2008) (“[A] person who has been found guilty of a capital or life felony may not be sentenced as a youthful offender under this act.”); McKinney v. State, 27 So.3d 160, 161 (Fla. 1st DCA 2010) (“The trial court has discretion to sentence as a youthful offender a defendant who is at least 18 years old and has been found guilty of a felony {except for a capital or life felony) committed before the defendant’s 21st birthday.” (emphasis added)). Instead, a life felony is punishable by a “term of imprisonment for life or by imprisonment for a term of years not exceeding life imprisonment.” § 775.082(3)(a)(3). Further, because a firearm was discharged during the course of the attempted murder, Malone, after pleading no contest to the charge, was subject to a minimum mandatory term of twenty years’ imprisonment. See § 775.087(2)(a)(2). Because the trial court erroneously sentenced Malone as a youthful offender when Malone was subject to a minimum mandatory term of twenty years’ imprisonment, we reverse the judgment and sentence and remand to the trial court for further proceedings. On remand, the trial court shall give Malone *62 the opportunity to withdraw his plea. See State v. Smith, 654 So.2d 1299, 1299-1300 (Fla. 4th DCA 1995).
Reversed and remanded.
CASANUEVA, C.J., and NORTHCUTT, J., Concur.

. Although the plea form and written judgment list the offense as attempted first-degree murder and omit any mention of a firearm, the written judgment lists the offense as a life felony, and the factual basis provided at the plea colloquy supports the charge of attempted murder with a firearm. Malone concedes he pleaded to the offense as charged in the information.