PER CURIAM.
Carlos Cromartie seeks review of the decision of the First District Court of Appeal in Cromartie v. State, 16 So.3d 882 (Fla. 1st DCA 2009), on the ground that it expressly and directly conflicts with Hannum v. State, 13 So.3d 132 (Fla. 2d DCA 2009), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we quash the decision of the First District and remand to the trial court for resentencing.
Facts
Cromartie was convicted of trafficking in cocaine and sale or possession of cocaine within 1000 feet of a church. His sentencing scoresheet showed a lowest possible sentence of 7.83 years of imprisonment. At the sentencing hearing, Judge Dekker heard character testimony from five witnesses and from Cromartie. Judge Dekker sentenced him to two concurrent eight-year terms. Specifically, Judge Dekker said that the minimum time was 93.975 months, which she rounded “to 94 months, that’s 7.8 years. And I’ll round it to 8 years.” Judge Dekker noted that the sentence could have easily been ten years, but that she lowered it because of Cromartie’s family support system.
Cromartie filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b), alleging that the State had improperly considered the trafficking count as a level 8 offense rather than a level 7 offense. The trial court granted the motion, and a new scoresheet was prepared showing the lowest possible sentence as 73.95 months (6.16 years). At Cromartie’s resentencing hearing, counsel asked the court to again impose a sentence at the low end of the range and use the same fraction of years it had added before. The following exchange took place:
THE COURT: This is — let me give you my impression here to short circuit, perhaps, this. I mean, you’re all welcome to do whatever, but this is how this plays out to me.
In refreshing my memory about this, I’m looking at the transcript, knowing my philosophies and how I do, I am confident that a year difference in the scoresheet would not have made a difference to me. So in other words, if the scoresheet had said — and this is 73 point — everybody agrees it’s 73.95, which I divide by 12, is 6.16 years.
MR. UFFERMAN [Cromartie’s counsel]: Correct.
*561 THE COURT: Okay. Now, what — so my point is, is that there is nothing about the evidence or the sentence that I can recall or about my philosophy that I would have done anything different other than probably just say, okay. Fine. That 73.95 is okay. Now, except, I usually round up.
MR. UFFERMAN: Sure.
THE COURT: And it’s because unless — and if I have a very deep concern that I would probably even go under the minimum if allowed, then I will stick with the exact number on the score-sheet. Otherwise, you know, it just — it’s in the ballpark, and if it’s in the ballpark, I round up, unless there’s an agreement to do something else.
Now, when there’s an agreement, that’s different. So you’ll see lots of judgments and sentences where maybe I do exactly that, but that’s because there was an agreement to do that, or I stated on the record that the person should get the minimum. So employing that, my philosophy is — and I did state on the record that this could have easily been 10 years or more depending upon other circumstances. But those circumstances I didn’t find to exist then. There’s no reason to find they exist now, and to do anything.
So my feeling is 73.95 divided by 12 is 6.16, and I would round up to seven years, and that’s what I would do. And I don’t see really a big argument about doing something different, because I’m not going to — I cannot sit here in good faith and say I would have given him eight years no matter what the score-sheet said, because I really don’t think that’s true.
But at the same time I’m not so offended by the amount of the score that I’m going to say, or change my mind about what the facts showed, and say, oh, gee, I feel really bad for him, and I’m going to stick with 73.95 months.
MR. UFFERMAN: No, I understand—
THE COURT: I don’t see that either.
MR. UFFERMAN: — your arguments, the reasoning, perfectly, Your Honor. The only thing I would ask is because you rounded up .2 last time, I would ask that you round up .2 this time.
THE COURT: No. I don’t do that. I round off in years. What can I tell you? That’s just my way.
MR. UFFERMAN: Because, again, consistent with what you did before, this comes out to 6.16. You round up from 7.8 to 8.0—
THE COURT: I always round up. If it’s over the years — because I never go below the minimum that I feel I’m required to. And if I — really doesn’t make a difference. I mean, I know it matters to your client, every month and every day he does. But I’m telling you in the real world whether you give somebody nine years or ten years doesn’t much matter, you know. It just doesn’t. And to have — that’s an argument over minutia.
So, you know, philosophically you have to have some approach to deal with this, and when — and so what I’m saying is 6.16 is the presumptive minimum.
MR. UFFERMAN: Correct.
THE COURT: I can’t do any less than that.
MR. UFFERMAN: Correct.
THE COURT: What do I think is a fair sentence? I think seven is a fair sentence, then, given the corrected score-sheet.
MR. UFFERMAN: I understand. Again, I would ask the Court to extend mercy, and in light of the fact that it was rounded up .2 last time, I would ask the Court to only round it up .2 this time.
*562 THE COURT: Okay. Well, I don’t operate with that kind of precision. So, and in this case there’s no clue that I would have, you know, as open [sic] to — that’s why I wanted to look at the sentencing hearing. Because sometimes I will state for the record exactly my feelings about a sentence, especially a sentence that I don’t feel comfortable with, and knowing myself, I know myself pretty well, I could discern this right away where my mind was, so.
MR. UFFERMAN: Okay.
THE COURT: I feel very, very comfortable with that addition. So anything else you want to throw at me to change my mind about it?
MR. UFFERMAN: Of course I have my client’s family here, and they would love to try to convince you, but I don’t—
THE COURT: It would be all the same thing, and I accept it. I mean, I accept that he had a lot of family support and a lot of issues. So that was fíne. I mean, in other words I didn’t going [sic] over—
MR. UFFERMAN: No, I understand.
THE COURT: — substantially over the required minimum. And a seven [is] not substantially over the required minimum.
MR. UFFERMAN: No. Again, the only legal argument I can make, and I’m making it for the record, is that since you went up .2 last time, you should go up .2 this time.
THE COURT: Okay.
MR. UFFERMAN: You’ve overruled that objection.
THE COURT: All right.
MR. UFFERMAN: I think it’s preserved for the record....
The written judgment and sentence was entered reflecting a seven-year sentence.
On March 3, 2008, Cromartie filed his second rule 3.800(b) motion, raising the claim that the trial court’s policy of rounding up violates due process. The trial court denied Cromartie’s motion on March 6, 2008. On appeal, the First District held, in full:
We find merit in Appellant’s argument that the trial judge’s stated policy of mechanically rounding up a prison sentence to the nearest whole number (in this case, from 7.83 years to 8 years originally and from 6.16 years to 7 years on resentencing) without any reflection on the individual merits of a particular defendant’s case is arbitrary and consequently a denial of due process. Yet we are constrained to AFFIRM as the argument was not raised contemporaneously. See Jackson v. State, 983 So.2d 562 (Fla.2008); Brown v. State, 994 So.2d 480 (Fla. 1st DCA 2008).
Cromartie, 16 So.3d at 882-83. Cromartie sought discretionary jurisdiction, citing express and direct conflict with Hannum v. State, 13 So.3d 132 (Fla. 2d DCA 2009), and we accepted review.
Jurisdiction
In Hannum, the Second District determined whether the trial court judge improperly considered certain factors in imposing sentence. Specifically, during the sentencing hearing Hannum repeatedly asserted that he had acted appropriately and the trial judge responded with a great deal of concern that Hannum would not take responsibility for his actions. Id. Although the State recommended probation, the court sentenced Hannum to twenty-four months’ incarceration. Id. at 135. Hannum filed a motion under rule 3.800(b), arguing that the trial court abused its discretion in imposing sentence based on his refusal to take personal responsibility. Id. The trial court denied the motion. On appeal, the Second District opined that rule 3.800(b) was not the proper way to *563 preserve for “appeal the issue of whether the [trial] court improperly considered certain factors [like Hannum’s refusal to take responsibility] in imposing sentence.” Id. However, the Second District then conducted the appropriate analysis for an error in the sentencing process, noting that such errors, unlike errors in sentencing orders, are automatically preserved for appeal so long as the error is fundamental. Id. at 135 (citing Jackson v. State, 983 So.2d 562, 574 (Fla.2008)). “[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process.” Hannum, 13 So.3d at 135 (alteration in original) (quoting Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994)). Ultimately, the court found that the trial judge’s error was equivalent to a denial of due process, and thus constituted fundamental error. Hannum, 13 So.3d at 136 (“The trial court’s improper consideration of the fact that Hannum maintained his innocence ... was equivalent to a denial of due process.... Accordingly, the trial court committed fundamental error in imposing sentence.”).
Although the First District notes that there is a denial of due process, it does not consider whether such denial of due process was a fundamental error and whether the error complained of was an error in the sentencing process or in the sentencing order. We accepted jurisdiction to clarify that the trial judge’s arbitrary policy of rounding up sentences constitutes a due process violation that is fundamental error reviewable on appeal without contemporaneous objection.[1]
Standard of Review
The issue in this case is a pure question of law and therefore the standard of review is de novo. D’Angelo v. Fitzmaurice, 863 So.2d 311, 314 (Fla.2003) (“The standard of review for the pure questions of law before us is de novo.”).
Discussion
During resentencing, after noting that the minimum required sentence was reflected on the scoresheet as 73.95 months, Judge Dekker noted she would be rounding the sentence to seven years. After the sentence was entered, Cromartie filed a motion under 3.800(b) alleging that the rounding policy was arbitrary and a denial of his right to due process. The trial court denied Cromartie’s 3.800(b) motion, stating: “It is not improper for a judge to have a sentencing philosophy and to express it. The sentence was a proper exercise of discretion.” While we agree with the trial court that this is not an error that is cognizable under rule 3.800(b), we also agree with the First District that the trial court’s policy is arbitrary and constitutes a violation of due process. Furthermore, we disagree with the First District that we are constrained from reviewing the error, because such a violation of due process constitutes fundamental error that is reviewable on appeal.
As noted in Jackson, where there is no contemporaneous objection during a sentencing hearing and where the error does not qualify as a “sentencing error” that can be raised in a rule 3.800(b) motion, the error can still be considered and remedied on appeal if the error is fundamental. Jackson, 983 So.2d at 574. “[F]or an error to be so fundamental that it can be raised *564 for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process.” Id. at 575 (quoting Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994)).
Relating to sentencing, we have stated:
[I]n order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the inquiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence. In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.
Maddox v. State, 760 So.2d 89, 99-100 (Fla.2000) (citation omitted). In Maddox, we opined that “an error that improperly extends the defendant’s incarceration or supervision would likely impress us as fundamental.” Maddox, 760 So.2d at 100 (quoting Bain v. State, 730 So.2d 296, 305 (Fla. 2d DCA 1999)).
Here, the sentence imposed was within the legal guidelines — it was above the minimum required by the scoresheet and below the statutory maximum, but the trial judge’s stated policy “improperly extended” Cromartie’s incarceration in an arbitrary manner. Because we find that this policy of “rounding up” violated Cromar-tie’s right to due process, we quash the decision below and remand with directions that the trial court be directed to enter a sentence at the bottom of the guidelines and consistent with the reasoning we have expressed herein.
It is so ordered.
LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
CANADY, C.J., dissents with an opinion, in which POLSTON, J., concurs.

. We have previously noted, "If an appellate court refuses to consider unpreserved error, then by definition the error could not have been fundamental.” Canatelli v. State, 961 So.2d 312, 325 (Fla.2007) (postconviction case discussing the appropriate standard to apply in a juror challenge case).