PER CURIAM.
 

 Appellant, Cortney Cornarus Pressley, seeks review of his sentence for carrying a concealed firearm without a license (“count I”) and resisting an officer without violence (“count II”). Appellant argues that the trial court violated his right to due process when it refused to consider imposing a youthful offender sentence. The State properly concedes error. We agree that the trial court’s arbitrary policy not to consider “boot camp,” which is a type of youthful offender sentence, without any reflection on the merits of Appellant’s case constitutes a denial of due process and, thus, fundamental error. Therefore, we reverse and remand for resentencing.
 

 The jury returned verdicts of guilty as to both counts and the trial court sentenced Appellant to four years’ imprisonment for count I and one year imprisonment for count II to run concurrently with count I. At the end of the sentencing hearing, Appellant inquired, “There’s no boot camp?” The trial court replied, “Sir, I don’t do boot camp.” The trial court provided no other comments. In this appeal, Appellant seeks reversal of his sentence and remand for resentencing with consideration, in the trial court’s discretion, of the youthful offender sentence. Our review is
 
 de novo. See Cromartie v. State,
 
 70 So.3d 559, 568 (2011) (stating that a violation of due process is a pure question of law).
 

 For an error related to a sentence to be considered on appeal it must fall into one of three categories: a “sentencing error” preserved through a contemporaneous objection or timely motion under Florida Rule of Criminal Procedure 3.800(b); an error that occurred during sentencing process that is preserved by contemporaneous objection; or a fundamental error that occurred during the sentencing process.
 
 See Jackson v. State,
 
 983 So.2d 562, 569, 572-74 (Fla.2008). A sentencing error is a term of art and is not simply an error that might conceivably occur during a sentencing hearing; it is an error in an order “entered as a result of the sentencing process.”
 
 Jackson,
 
 983 So.2d at 572. The error at issue is not a “sentencing error” because the refusal to consider a lawful sentence is not an error in an order “entered as a result of the sentencing process.”
 
 See id.
 
 The error at issue here is simply one that occurred during the sentencing process. To preserve such an error for review, Appellant needed to raise an objection specific enough to apprise the trial court of its error.
 
 Jackson,
 
 983 So.2d at 568, 573-74. Although Appellant’s question (“There’s no boot camp?”) was not sufficient to satisfy the specificity requirement of the preservation rule, the trial court’s response to the question did reveal the presence of a fundamental error.
 
 See Cromartie,
 
 70 So.3d at 563 (holding that a trial judge’s arbitrary sentencing policy was fundamental error).
 

 “[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to
 
 *837
 
 the judicial decision under review and equivalent to a denial of due process.”
 
 Jackson,
 
 983 So.2d at 575 (quoting
 
 Hopkins v. State,
 
 632 So.2d 1372, 1374 (Fla.1994)). “[I]n order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the inquiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence.”
 
 Maddox v. State,
 
 760 So.2d 89, 99 (Fla.2000). As the Florida Supreme Court recently noted in
 
 Cromartie v. State,
 
 fundamental error occurs when a trial court refuses to consider a legislatively authorized sentencing option as a matter of policy.
 
 See
 
 70 So.3d at 564 (holding the trial court’s stated policy of rounding up the sentence was a fundamental error because it improperly extended incarceration in an arbitrary manner).
 

 Section 958.021, Florida Statutes (2009), part of the Youthful Offender Act, provides that “[i]t is the ... intent of the Legislature to provide an additional sentencing alternative to be used at the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and who require more substantial limitations upon their liberty to ensure the protection of society.” The Youthful Offender Act provides that “[i]n counties where there are county-operated youthful offender boot camp programs ... the court may sentence a youthful offender to such a boot camp.” § 958.046, Fla. Stat. (2009);
 
 see also Holmes v. State,
 
 899 So.2d 432, 434 (Fla. 3d DCA 2005).
 

 Application of the Youthful Offender Act to any particular defendant is within the discretion of the trial judge because the trial judge “is in the best position to determine whether sentencing under the act is the most desirable treatment for that defendant.”
 
 Ellis v. State,
 
 475 So.2d 1021, 1023 (Fla. 2d DCA 1985). However, “[t]he trial court’s sentencing discretion under the Youthful Offender Act is not unbridled.”
 
 McKinney v. State,
 
 27 So.3d 160, 161 (Fla. 1st DCA 2010). The trial court may, after reviewing the criteria, decline to sentence a statutorily qualified person as a youthful offender.
 
 Nolte v. State,
 
 726 So.2d 307, 309 (Fla. 2d DCA 1998). But, “[l]ike any other exercise of judicial discretion, the trial court’s sentencing decision must be supported by logic and reason and must not be based upon the whim or caprice of the judge.”
 
 McKinney,
 
 27 So.3d at 161. Moreover, judicial application of a policy against consideration of a lawful sentence is a violation of a defendant’s due process.
 
 See Cromartie,
 
 70 So.3d at 563. This Court has already stated that the trial court’s personal opinion and views on the “efficacy of the youthful offender program as a whole have no place in its sentencing decision.”
 
 McKinney,
 
 27 So.3d at 162. In
 
 McKinney v. State,
 
 the defendant asserted that the trial court abused its discretion by basing its decision not to sentence him as a youthful offender on the court’s personal opinion of the youthful offender program when the trial court made the following comments:
 

 This is not one of those crimes somebody just stumbles into. It is not an accidental kind of occurrence. It was ... a planned enterprise between you and the others involved to do this and for that reason I have to take that and look at it seriously.
 

 I do find you guilty and adjudicate you guilty. In part because of my personal diminishing regard for the youthful offender program, not because of you but because if the youthful offender program was meritorious and worthy ... I would at least give it some thought but in light of the nature of this offense I
 
 *838
 
 don’t even give it passing consideration because I just don’t think it is the right thing to do. I don’t think it takes it as serious and a crime of this nature requires it to be dealt with and for that reason I will not be imposing a youthful offender sentence.
 

 Id.
 
 at 162. While viewing those comments in context of the trial court’s complete explanation of its sentencing decision, this Court found that the trial court’s decision not to impose a youthful offender sentence was properly based upon consideration of the defendant’s circumstances and the serious nature of his crimes.
 
 Id.
 

 The instant case is distinguishable from
 
 McKinney
 
 because the trial court failed to explain in any manner why the trial court decided not to consider a youthful offender sentence. We find that the trial court made no comments that would convince us that the trial court properly exercised its discretion. The sentence imposed was within the legal guidelines. However, the trial court’s stated policy of not considering “boot camp,” which is a type of youthful offender sentence, without any reflection on the individual merits of this particular defendant’s case is arbitrary and, consequently, a denial of due process. This error goes to the foundation of the judicial decision, and by its nature focuses on the qualitative effect on the sentencing process and its quantitative effect on the sentence.
 
 See Cromartie,
 
 70 So.3d at 564.
 

 Therefore, although we affirm Appellant’s convictions, we reverse the sentences and remand for resentencing with consideration, in the trial court’s discretion, of the youthful offender sentence. We do not suggest that Appellant is necessarily entitled to resentencing as a youthful offender, but rather, Appellant is entitled to be sentenced at a proceeding at which the trial court takes into consideration an option of a youthful offender sentence.
 

 AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
 

 LEWIS and RAY, JJ„ concur; WOLF, J., concurs in result.