IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MEL ROUCELL WILLIAMS,

      Appellant,

 v.                                                               Case No.  5D17-742

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 8, 2018

Appeal from the Circuit Court
for Volusia County,
Kathryn D. Weston, Judge.

James S. Purdy, Public Defender, and
Nicole Joanne Martingano, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     Mel Roucell Williams appeals his sentence for burglary of an unoccupied structure,

arguing that the trial court incorrectly believed that it was required to sentence him to a

minimum of ten years' incarceration as a violent career criminal.  Based upon the record

before us, we reverse and remand for resentencing.

After the jury returned its guilty verdict, the State proceeded to have Williams sentenced as a violent career criminal pursuant to section 775.084, Florida Statutes (2017). Under section 775.084, a trial court "shall sentence the violent career criminal . . . [i]n the case of a felony of the third degree, for a term of years not exceeding 15, with a mandatory minimum term of 10 years' imprisonment." § 775.084(4)(d), Fla. Stat. (2017). "[T]o be sentenced as a violent career criminal, a defendant must have been previously incarcerated in state or federal prison, must have been convicted three times as an adult of certain violent felonies (listed in the statute), and must have committed another such offense within the above time frame." Clines v. State, 912 So. 2d 550, 553 (Fla. 2005) (citing § 775.084(1)(d), Fla. Stat. (2002)). However, if a trial court finds "that it is not necessary for the protection of the public to sentence a defendant who meets the criteria for sentencing as a . . . violent career criminal, . . . sentence shall be imposed without regard to this section." § 775.084(4)(e), Fla. Stat. (2017). Therefore, a trial court has the discretion not to sentence a defendant as a violent career criminal if it determines that such a sentence is not necessary for the protection of the public. See Harris v. State, 849 So. 2d 449, 450 (Fla. 3d DCA 2003) ("[T]he trial judge mistakenly believed he was compelled to impose a violent career criminal sentence once the qualifying offenses were established. The trial court actually had discretion, per Section 775.084(4)(d), Florida Statutes (2000), to determine whether the . . . classification, and enhanced sentence, is necessary for the protection of the public.").

The transcript of Williams's sentencing hearing indicates that the trial court may have been unaware that it had this discretion. During the hearing, the trial court discussed the issue:

> THE COURT: Yeah. And I haven't heard any justification that would allow me not to find that Mr. Williams does qualify as a violent career criminal based on the evidence and the testimony that I've seen today.
>
> And given the statute, 775.084 requires me to sentence you, Mr. Williams, to at least 10 years, and it does seem like a lot of time to do, but the Legislature didn't give me any discretion, so that's what I have to do, sir, is to sentence you to 10 years. It's the minimum that I'm allowed to, and that's what I'm going to sentence you to.

This exchange indicates that the trial court may have believed that it was required to sentence Williams as a violent career criminal based upon his qualifying convictions regardless of whether such a sentence was necessary for the protection of the public.

We therefore reverse and remand for the trial court to make a determination as to whether it is necessary for Williams to be sentenced as a violent career criminal for the protection of the public and to impose a sentence accordingly. See Goldwire v. State, 73 So. 3d 844, 846 (Fla. 4th DCA 2011) ("This court has stated that where 'the record suggests that the trial court mistakenly believed it had no discretion . . . to sentence appellant,' the case should be remanded for 'the trial court [to] exercise its sentencing discretion and consider all sentencing alternatives.'"); Soanes v. State, 31 So. 3d 914, 914 (Fla. 4th DCA 2010) ("[T]he trial court erred during sentencing when it stated that it did not think it had any discretion other than to sentence the defendant to life in prison as a violent career criminal.").

REVERSED and REMANDED.

SAWAYA, PALMER and TORPY, JJ., concur.

3