# Third District Court of Appeal

### State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2069
Lower Tribunal No. F20-9300
_____

**Jose Luis Ventura,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Atorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

FERNANDEZ, J.

Jose Luis Ventura appeals the final judgment of conviction and sentence. We affirm in all respects and write solely to address the unpreserved sentencing error.

The standard of review of an alleged sentencing error is *de novo*. <u>State v. Ingram</u>, 299 So. 3d 546, 547 (Fla. 5th DCA 2020).

Ventura argues for the first time on appeal that the trial court erred when it sentenced him to life in prison as a violent career criminal because the trial court had the mistaken belief that it had no discretion in sentencing Ventura. He correctly asserts that the statute allows for discretion upon a finding that "it is not necessary for the protection of the public to sentence a defendant who meets the criteria for sentencing as a habitual felony offender, a habitual violent felony offender, or a violent career criminal . . . ." § 775.084(4)(e), Fla. Stat. (2021).

Ventura's claim of a sentencing error was not preserved for appellate review. Florida Rule of Appellate Procedure 9.140(e) states, "A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)." Even in the case of fundamental error, the Florida Supreme Court has held that "for defendants whose initial briefs were filed after the effective date of rule

3.800(b)(2), the failure to preserve a <u>fundamental sentencing error</u> by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal." <u>Brannon v. State</u>, 850 So. 2d 452, 456 (Fla. 2003) (emphasis added); <u>see also</u> <u>Jackson v. State</u>, 983 So. 2d 562, 569 (Fla. 2008) ("[F]or sentencing errors, to raise even <u>fundamental error</u> on appeal, defendants must first file a motion under rule 3.800(b)." (Emphasis added)). In <u>Swain v. State</u>, 359 So. 3d 882, 885 (Fla. 3d DCA 2023), this Court declined to reach the merits of defendant's claim "because, as the State correctly points out, [the defendant] was required to first raise this claim of sentencing error either at the time of sentencing or by way of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), and the failure to do so renders the claim unpreserved for appellate review." <u>Id.</u> at 885; <u>see also</u> <u>Holton v. State</u>, 318 So. 3d 654 (Fla. 1st DCA 2021) (holding that by not filing a motion to correct sentencing error pursuant to 3.800(b), defendant failed to preserve for appellate review his claim that trial court erred in failing to make statutorily required findings of dangerousness under VFOSC statute).

Because Ventura failed to object at the time of sentencing or file a Rule 3.800(b) motion, Ventura's claim of a sentencing error was not preserved for

appellate review. We therefore affirm the final judgment of conviction and sentence in all respects.

Affirmed.

GOODEN, J., concurs.

MILLER, J., concurring in part and dissenting in part.

I concur in the majority's decision to affirm the convictions but disagree with the conclusion that the trial court's erroneous belief that it lacked discretion under section 775.082(4)(d), Florida Statutes (2021), is irremediable on direct appeal. In my view, this error does not constitute a "sentencing error" within the meaning of Florida Rule of Criminal Procedure 3.800(b). Rather, it is a fundamental error in the sentencing process that is capable of review on direct appeal. Consequently, we should reverse and remand for a new sentencing hearing.

Sentencing errors implicating legal construction are subject to de novo review. See State v. Ingram, 299 So. 3d 546, 547 (Fla. 5th DCA 2020). Florida Rule of Appellate Procedure 9.140(e)(1)-(2) provides that "[a] sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)." In Brannon v. State, 850 So. 2d 452, 456 (Fla. 2003), the Florida Supreme Court succinctly synopsized the effect of this provision as follows: "for defendants whose initial briefs were filed after the effective date of rule

3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal."

By its plain and unambiguous language, the rule is self-limiting. It extends only to "sentencing errors." What falls within the definition of a "sentencing error," however, remains somewhat nebulous given the lack of consistency in the current jurisprudential landscape.

Five years after deciding Brannon, our high court was again called upon to construe the reach of rule 3.800(b). In Jackson v. State, 983 So. 2d 562 (Fla. 2008), the court confronted the issue of whether the deprivation of counsel during the sentencing process was a "sentencing error," requiring preservation by either a contemporaneous objection or the filing of a post-sentence rule 3.800(b) motion. Justice Cantero, writing for the court, clarified the scope of rule 3.800(b):

> Although quoted above, the definition of "sentencing error" in the Court Commentary to rule 3.800 bears repeating: "[S]entencing errors include harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as errors within the sentence itself." The commentary thus explains that rule 3.800(b) is intended to permit defendants to bring to the trial court's attention errors in sentence-related orders, not any error in the sentencing process.

6

Id. at 572 (citation omitted) (emphasis and brackets in original).  The court further explained that "[w]e have never held that any error that happens to occur in the sentencing context constitutes a 'sentencing error' under the rule.  Instead, errors we have recognized as 'sentencing errors' are those apparent in orders entered as a result of the sentencing process."  Id. (emphasis in original).  The court reasoned,

> The rule was intended to permit preservation of errors in orders entered as a result of the sentencing process[—]in other words, errors in cost and restitution orders, probation or community control orders, or in the sentence itself.  It was not intended to abrogate the requirement for contemporaneous objections. Denial of counsel at sentencing, while occurring during the sentencing process, is not an error in an "order[] entered as a result of the sentencing process."  Therefore, to assert such a claim on appeal, no motion under rule 3.800(b) need be filed. Such errors, however, remain subject to the contemporaneous objection rule; if not preserved at trial, they may be reviewed on appeal only for fundamental error.

Id. at 566 (citation omitted) (second brackets in original).

Our sister courts have explored the contours of rule 3.800(b) in several Jackson progeny cases.  In Brown v. State, 994 So. 2d 480 (Fla. 1st DCA 2008), the First District Court of Appeal considered whether the trial court's reliance on acquittals by reason of insanity in crafting an appropriate sentence constituted a sentencing error.  Citing Jackson, the court concluded the claim of error did not fall within the ambit of rule 3.800(b) because the defendant "allege[d] error in the sentencing process, not that

7

the alleged procedural error [was] apparent on the face of the order." Id. at 481.

The Second District Court of Appeal employed similar reasoning in two elaborated decisions. In the first case, Hannum v. State, 13 So. 3d 132 (Fla. 2d DCA 2009), the court confronted the threshold issue of whether error predicated upon the trial court's reliance on lack of remorse as a sentencing factor was cognizable under rule 3.800(b)(2). It held "that rule 3.800(b)(2) is not the proper mechanism for preserving for appeal the issue of whether the court improperly considered certain factors in imposing sentence." Id. at 135.

In the second case, Mendez v. State, 28 So. 3d 948 (Fla. 2d DCA 2010), the court addressed whether a vindictive sentencing claim could be raised in the first instance on direct appeal. The court noted "that rule 3.800(b)(2) is not the proper mechanism for [the appellant]'s challenge to his sentence; such an error is not a 'sentencing error' because it occurs during the sentencing process and is not an error in an order entered as a result of the sentencing process." Id. at 950.

But then in Cromartie v. State (Cromartie I), 16 So. 3d 882 (Fla. 1st DCA 2009), the First District seemingly strayed from its reasoning in Brown. The court considered whether "the trial judge's stated policy of mechanically rounding up a prison sentence to the nearest whole number . . . without any

8

reflection on the individual merits of a particular defendant's case is arbitrary and consequently a denial of due process[,]" and concluded it was constrained to affirm because no contemporaneous objected was asserted. Id. at 882-83 (citing Jackson, 983 So. 2d 562). The supreme court exercised conflict jurisdiction and quashed the First District's decision. See Cromartie v. State (Cromartie II), 70 So. 3d 559, 560 (Fla. 2011). The court found that the rounding-up policy was not a "sentencing error" within the meaning of rule 3.800(b). See id. at 563. The practice instead constituted fundamental procedural error in the sentencing process that could be properly reviewed on direct appeal. See id.

These decisions highlight the subtle, yet critical, distinction between those errors that fall within the purview of rule 3.800(b) and others that occur during the sentencing process. Here, the trial court erroneously believed it was legislatively divested of the discretion to impose anything other than a life sentence. But section 775.084(4)(e), Florida Statutes (2021), provided an avenue for crafting a lesser sentence. See id. ("If the court finds, pursuant to . . . paragraph (3)(c), that it is not necessary for the protection of the public to sentence a defendant who meets the criteria for . . . a violent career criminal, with respect to an offense committed on or after October 1, 1995,

9

sentence shall be imposed without regard to this section."). The State concedes that this was error.

That error, however, cannot be discerned from the four corners of the sentencing order, nor is it an error in the sentence itself. Indeed, had the trial court acknowledged its discretion, it would have been entitled to impose the same sentence. See Goldwire v. State, 73 So. 3d 844, 846-47 (Fla. 4th DCA 2011) ("[W]e remand this case to the trial court for re-sentencing so the trial court can exercise its discretion in sentencing [the defendant]. While the trial court might issue the same sentence, we remand to allow the trial court to properly consider all sentencing options with the knowledge that it has discretion, rather than being of the belief it is required to sentence in a particular way.") (emphasis added). Accordingly, this case is on all fours with Jackson, Brown, Hannum, and Cromartie II, as it involves "a claim of error in the sentencing process[,]" which "is not cognizable" under rule 3.800(b). See Pifer v. State, 59 So. 3d 225, 228 (Fla. 2d DCA 2011).

A careful examination of this court's decision in Swain v. State, 359 So. 3d 882 (Fla. 3d DCA 2023), cited by the majority, yields no different conclusion. In Swain, the trial court designated the defendant a "Violent Felony Offender of Special Concern (VFOSC)" but failed to make "written findings" as mandated by statute. Id. at 884. Because this deficiency

10

appeared on face of the sentencing order, the claim was a "sentencing error" within the meaning of rule 3.800(b). Id. at 885. Hence, the court was foreclosed from considering the issue under a fundamental error analysis on direct appeal. Id.

Unlike Swain, the sentencing order in this case is not inherently erroneous. Instead, the trial court's mistaken belief that it lacked discretion to impose a lesser sentence precluded consideration of potentially mitigating evidence, including the factual circumstances and proffered health issues suffered by Ventura's mother. The error equates with a denial of due process, rendering it reviewable without regard to rule 3.800(b).

Finally, a litany of cases provide that the mistaken belief espoused by the trial court here constitutes fundamental error. See Williams v. State, 249 So. 3d 721, 722-23 (Fla. 5th DCA 2018) (reversing and remanding, without resort to rule 3.800(b), for the "trial court to make a determination as to whether it [was] necessary for [the defendant] to be sentenced as a violent career criminal for the protection of the public and to impose a sentence accordingly"); Soanes v. State, 31 So. 3d 914, 914-15 (Fla. 4th DCA 2010) (reversing and remanding for resentencing without resort to rule 3.800(b) because "the trial court erred during sentencing when it stated that it did not think it had any discretion other than to sentence the defendant to life in

11

prison as a violent career criminal"); <u>Harris v. State</u>, 849 So. 2d 449, 450 (Fla. 3d DCA 2003) (remanding for resentencing without resorting to rule 3.800(b) because, "as the State concede[d], the trial judge mistakenly believed he was compelled to impose a violent career criminal sentence once the qualifying offenses were established"); <u>cf.</u> <u>Butner v. State</u>, 217 So. 3d 1162, 1164 (Fla. 2d DCA 2017) ("When it is unclear from the record whether the trial court would have imposed the same sentence if the trial court had known it had discretion, we must vacate the defendant's sentence and remand the case for resentencing."). Accordingly, I would reverse and remand for a new sentencing hearing.