RYDER, Judge.
The appellant was convicted of sexual battery, kidnapping, and robbery. He was sentenced to thirty years on the sexual battery charge. We affirm his conviction on all counts, however, we remand for a determination whether the appellant has been previously convicted of a felony in this state.
The appellant alleges the trial court erred in sentencing him to an excessive term for sexual battery. A defendant who has been convicted of a felony in Florida may be sentenced as an habitual felony offender. A habitual offender who is convicted of a felony in the second degree, may be sentenced to a term not exceeding thirty years. Section 794.011(5), Florida Statutes (1977), provides that sexual battery is a second degree felony. Therefore, if the appellant had been convicted previously of a felony, his sentence would not be excessive.
At the appellant’s sentencing hearing, defense counsel and the state attorney stated that the appellant had been convicted previously of a felony. The appellant, however, denied.this stating he believed the charge had been reduced to a misdemeanor. No document verifying the appellant’s status as a convicted felon was ever produced. Because we cannot determine from the record that the appellant was an habitual felony offender, we remand for clarification of this issue and if appellant is to be treated as an habitual felony offender and sentenced accordingly, then the trial court also is instructed to follow the procedure in relation thereto set forth in Eutsey v. State, 383 So.2d 219. If the trial court ascertains the appellant has not been convicted of a prior felony, it should enter an amended sentence for sexual battery not to exceed fifteen years.
AFFIRMED in part, but REMANDED for further proceedings consistent with this opinion.
GRIMES, C. J., and CAMPBELL, J., concur.