385 So.2d 1136 (1980)
Flenoil CROOK, Appellant,
v.
STATE of Florida, Appellee.
No. LL-291.
District Court of Appeal of Florida, First District.
July 3, 1980.
Rehearing Denied August 8, 1980.
*1137 Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Flenoil Crook was charged with burglary with a firearm and aggravated battery and was found guilty by a jury of attempted burglary with a firearm and aggravated battery. He challenges his sentence of ten years for the attempted burglary and urges that the maximum sentence for his offense is five years.[1] We agree.
Section 810.02, Florida Statutes (1977), provides that burglary with a firearm is a first degree felony. The statute governing attempts to commit an offense provides generally that an attempt to commit a first degree felony constitutes a second degree felony, Section 777.04(4)(b), Florida Statutes (1977), but the offense of attempted burglary is an exception to the general provision because Section 777.04(4)(c), Florida Statutes (1977), provides:
If the offense attempted ... is a felony of the second degree or any burglary, the person convicted shall be guilty of a felony of the third degree.... (emphasis supplied)
McQuay v. State, 368 So.2d 908 (Fla. 1st DCA 1979). A third degree felony is punishable by a term of imprisonment not exceeding five years. Section 775.082(3)(d), Florida Statutes (1977).
The State contends that, although the penalty for attempted burglary is otherwise five years, under Section 775.087(1), Florida Statutes (1977), the use of a weapon or the commission of an aggravated battery during the commission of the felony reclassifies the offense from a third degree felony to a second degree felony, which is punishable by a term of imprisonment not exceeding fifteen years. Section 775.082(3)(c), Florida Statutes (1977). That this is erroneous can be seen by a careful reading of Section 775.087(1):
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, *1138 uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified... . (emphasis supplied)
That sentencing provision does not apply when the use of a firearm is an essential element of the offense. Here, the offense was attempted burglary with a firearm, and this section of the enhanced penalty statute does not apply. See Fowler v. State, 375 So.2d 879 (Fla. 2d DCA 1979). Thus, the maximum sentence allowed by statute for this offense is five years.
There is another error in the sentencing, however, which neither party to this appeal called to our attention. Section 775.087(2), Florida Statutes (1977), requires that any person convicted of attempted burglary who had a firearm in his possession shall be sentenced to a minimum term of imprisonment of three years, during which time he shall not be eligible for parole or statutory gain-time. This mandatory-minimum penalty must be assessed at resentencing.
We find no merit in Crook's challenge to the sufficiency of the evidence to support the jury verdict of attempted burglary. We do note that the written judgment erroneously shows the offense of conviction to be burglary rather than attempted burglary. The judgment must be corrected and, as corrected, is affirmed.
Accordingly, the judgment, as corrected, is AFFIRMED. The sentence is VACATED and REMANDED for resentencing in accordance with this opinion.
McCORD, BOOTH and LARRY G. SMITH, JJ., concur.
NOTES
[1] There is no challenge to the judgment or sentence or aggravated battery.