ORFINGER, Judge.
Appellant appeals his conviction by a jury of attempted burglary with an assault[1] on one count, and of battery on a law enforcement officer[2] on the second count.
Appellant was sentenced to imprisonment for 14 years on the attempted burglary count and to a four year concurrent term on the battery count. He appeals, questioning the sufficiency of the evidence on both counts. We affirm the convictions.
The State concedes that there was insufficient proof of an assault on the police officer named in the first count, because there was no evidence that appellant ever did anything to create a well founded fear in the officer that any violence was imminent. However, since the jury found appellant guilty of attempted burglary, the question of whether an assault was proved becomes moot.
Under section 810.02, Florida Statutes (1979), burglary is a first degree felony if in the course of committing an offense the offender commits an assault on any person. Although appellant was charged with burglary, the jury found him guilty of attempted burglary, and on that offense, there is no *1005 enhancement of the crime even if an assault takes place. Section 777.04(4)(c), Florida Statutes (1979), provides that the attempt to commit any burglary is a felony of the third degree, which is a crime punishable by a maximum term of five years imprisonment.[3] Crook v. State, 385 So.2d 1136 (Fla. 1st DCA 1980); McQuay v. State, 368 So.2d 908 (Fla. 1st DCA 1979).
Thus we note fundamental error in sentencing appellant on the first count to a term of imprisonment longer than five years. See Butler v. State, 343 So.2d 93 (Fla. 3d DCA 1977).
The judgments of conviction and the sentence on the count of battery on a law enforcement officer are affirmed. The fourteen year sentence on the attempted burglary conviction is vacated and the case is remanded to the trial court for resentenc-ing on that count. Appellant shall be present for resentencing.
AFFIRMED in part; REVERSED in part, and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. § 810.01(2), Florida Statutes (1979).

. §§ 784.03 and 784.07, Florida Statutes (1979). This was not the same police officer on whom the assault was allegedly committed.

. § 775.082(3)(d), Fla.Stat. (1979).