SCHOONOVER, Judge.
The appellant, Douglas Gordan Atkinson, has appealed from convictions for solicitation of theft, conspiracy to commit armed burglary, and armed burglary. We agree with his contention that the ten year , sentence imposed for conspiracy to commit armed burglary was improper.
The appellant was sentenced on June 30, 1983. At that time, conspiracy to commit a burglary of any degree constituted a third degree felony punishable by a term of imprisonment not exceeding five years. §§ 777.04(4)(e), 810.02(2), 775.-082(3)(d), Fla. Stat. (1981); Goree v. State, *1064 411 So.2d 1352 (Fla. 3d DCA 1982); Crook v. State, 385 So.2d 1136 (Fla. 1st DCA 1980); Williams v. State, 386 So.2d 631 (Fla. 2d DCA 1980); McQuay v. State, 368 So.2d 908 (Fla. 1st DCA 1979). Although section 777.04(4)(c), Florida Statutes (1983), was amended in 1983, said amendment did not go into effect until October 1, 1983. We must therefore vacate the sentence for conspiracy to commit armed burglary and remand for proper sentencing.
Additionally, the trial court adjudged the appellant insolvent. Thereafter, the court assessed costs against appellant in the amount of $10 pursuant to section 960.20, Florida Statutes (1981) (Crimes Compensation Trust Fund), and $2 pursuant to section 943.25(4), Florida Statutes (1981) (Law Enforcement Training and Correctional Officer Training Trust Fund). Appellant was not given adequate notice of, nor afforded an opportunity to object to, this assessment. Jenkins v. State, 444 So.2d 947 (Fla.1984). Accordingly, we hereby strike these costs. This decision is without prejudice to the trial court assessing costs against the appellant in accordance with Jenkins.
We find no merit in appellant’s other contentions and accordingly affirm in all other respects.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESEN-TENCING.
BOARDMAN, A.C.J., and SCHEB, J., concur.