584 So.2d 154 (1991)
Steven SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02810.
District Court of Appeal of Florida, Second District.
August 9, 1991.
Eric Gruman, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Angelica D. Zayas, Asst. Atty. Gen., Miami, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Steven Smith, contends the trial court erred in imposing prison sentences followed by probation which, when combined, exceed statutory maximums. We agree.
This appeal involves two cases. In circuit court case number 89-344, the defendant pled guilty to two counts of burglary of a dwelling and two counts of grand theft, which occurred on September 16, 1988. He was sentenced to four and one-half years in prison followed by five years' probation on each count, concurrent. The burglary counts are second degree felonies, section 810.02(3), Florida Statutes (1987), and the sentence imposed on these burglary counts falls within the statutory maximum incarceration period of fifteen years. Arena v. State, 382 So.2d 407 (Fla. 4th DCA 1980). However, the two grand theft counts are third degree felonies, section 812.014, Florida Statutes (1987), as amended by Supp. (1988), which have a maximum penalty of five years' imprisonment. Atkinson v. State, 457 So.2d 1063 (Fla. 2d DCA 1984).
The law is clear that when a defendant is sentenced to a split sentence consisting of incarceration and probation, as provided by statute, the combined sanction cannot exceed the maximum period of incarceration provided by law. State v. Holmes, 360 So.2d 380, 383 (Fla. 1978). See Fla.R.Crim.P. 3.701, comm. note (d)(12)(1987)[1]. Thus, the probationary periods of the additional four and one-half years on each grand theft count exceed the *155 statutory maximum incarceration periods for these felonies. § 775.082(3)(d), Fla. Stat. (1987). Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990), approved 574 So.2d 1099 (Fla. 1991).
In circuit court case number 89-346, the defendant pled guilty to burglary, grand theft, and fraudulent use of a credit card, occurring on February 2 and 4, 1989. The court properly found the defendant to be a habitual felon. It then sentenced him to ten years imprisonment followed by five years probation on each count. The statutory maximum sentence for a burglary count, a second degree felony, is 30 years when a defendant is habitualized. § 775.084(4)(a)2., Fla. Stat. (1987). Accordingly, the 10/5 split sentence was proper as to the burglary conviction. Denton v. State, 382 So.2d 1381 (Fla. 2d DCA 1980). However, we agree with the defendant that the 10/5 split sentence on the grand theft and fraudulent use of a credit card counts, both third degree felonies, exceed the maximum ten years' state prison term for a habitualized defendant permitted under section 775.084(4)(a)3, Florida Statutes (1989). Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987), disapproved on other grounds, Parker v. State, 546 So.2d 727 (Fla. 1989).
We affirm all of the defendant's convictions. We vacate his sentences for grand theft in circuit court case number 86-344 and his sentences for grand theft and the fraudulent use of a credit card in circuit court case number 86-346. We affirm the remaining sentences. We direct the trial court to resentence the defendant consistent with this opinion.
FRANK and THREADGILL, JJ., concur.
NOTES
[1] "If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law."