PER CURIAM.
Rodriguez appeals convictions for (1) burglary of a dwelling with assault, (2) burglary of a conveyance with assault, (3) kidnapping to inflict bodily harm or to terrorize, (4) aggravated battery, (5) aggravated assault, and (6) violation of a court injunction that was issued to protect against domestic violence. The victim is his former girlfriend.
There was undisputed evidence that the defendant went to the victim’s place of employment, forced her to walk with him to her car where he maneuvered her into the automobile, verbally terrorized and beat the victim over a two hour period, sat on her while he drove her home, then dragged her into her house where the savage beating continued. At trial the defendant testified that he could not recall the occurrences of the night in question, relying on a defense of temporary insanity caused by voluntary intoxication. A jury, however, rejected the intoxication defense.
Three issues are raised in this appeal: (1) it was prejudicial error for the prosecutor, during closing argument, to call to the jury’s attention the fact that the victim was crying and shaking while testifying, as evidence of the victim’s fear of the defendant; (2) it was prejudicial error for the prosecutor to hold a bloodstained shirt next to the defendant to “size” it, as proof that it belonged to him; and (3) it was error for the trial judge to issue a split sentence of thirty-eight years incarceration followed by two years of community control, notwithstanding that the total sentence did not exceed the guideline maximum.
Assuming that error is shown in the first two points, reversal of the convictions is not warranted. On examination of the entire record, there is no reasonable possibility that the errors affected the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
*1032 No sentencing error is shown. A trial judge may sentence a defendant to a period of incarceration followed by a period of probation or community control, provided the combined periods of time do not exceed the maximum period for incarceration provided by statute. Smith v. State, 584 So.2d 154 (Fla 2d DCA 1991); Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982); § 948.01, Fla.Stat. (1989).
Affirmed.