LAMBERT, J.
Dana Michael Little appeals the sentence imposed following his convictions for two counts of dealing in stolen property[1] and two counts of receiving money from a pawn broker by false verification of ownership.[2] He argues that the trial court committed fundamental error by having announced a policy of not considering a request for a downward departure sentence after a jury finds a defendant guilty. Finding the trial court’s arbitrary policy of not considering a downward departure sentence based upon a jury returning a verdict of guilt to be a due process violation, resulting in fundamental error, we reverse.
At the sentencing hearing, defense counsel was seeking a downward departure sentence pursuant to section 921.0026(1), Florida Statutes (2013), which provides in pertinent part:
A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review.
§ 921.0026(1), Fla. Stat. (2013).
In Barnhill v. State, 140 So.3d 1055 (Fla. 2d DCA 2014), the court discussed the trial court’s decision-making process regarding whether to depart from the sentencing guidelines:
A trial court’s decision whether to depart from the [sentencing] guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by “a preponderance of the evidence.”
Second, where the step 1 requirements are met, the trial court further must determine whether it should de-. part, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors.
140 So.3d at 1060 (quoting Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)). The trial court here imposed a sentence within the criminal punishment code scoresheet sentencing range.[3] Typically, an appellate court does not have the power or authority to consider or review a trial court’s discre *772 tionary decision to deny a request for a downward departure sentence. Jorquera v. State, 868 So.2d 1250, 1253 (Fla. 4th DCA 2004) (citing § 924.06(1), Fla. Stat. (2003); Patterson v. State, 796 So.2d 572, 574 (Fla. 2d DCA 2001)). However, as explained in Barnhill:
[B]ecause the issue here revolves around the trial court’s applying an incorrect standard in determining whether to exercise its discretion, we apply a de novo standard of review. See Cromartie v. State, 70 So.3d 559, 563 (Fla.2011) (holding that issue of whether trial court violated due process by applying an “arbitrary policy of rounding up sentences” is a question of law subject to de novo review); Pressley v. State, 73 So.3d 834, 836 (Fla. 1st DCA 2011) (applying de novo review to trial court’s policy of refusing to consider youthful offender sentencing).
140 So.3d at 1060-61.
At the sentencing hearing, after briefly presenting testimony from Appellant, defense counsel began his argument for a downward departure sentence when the following exchange occurred:
THE COURT: I’ll just tell you right now, the court’s not going to downward depart.
MR. JONES: Thank you, Your Honor. As I was stating, we are making—
THE COURT: I just don’t want you to waste your breath. I’m not going to downward depart.
The jury found him guilty. When a jury finds a defendant guilty, I don’t downward depart. A jury came in here — we empaneled a jury to consider the facts of this case. And that jury — I would be showing the jury such disrespect by not considering their views of the facts. So I’m not going to downward depart in this.
So what else?
Here, the trial court made its policy abundantly clear that once any defendant elects to exercise his or her constitutional right to a trial by jury, it will not consider a downward departure sentence upon conviction because it does not want to “disrespect” the jury. We conclude that this general policy constitutes a due process violation, resulting in fundamental error.[4] See Jackson v. State, 983 So.2d 562, 575 (Fla.2008) (stating that for an error to be fundamental, it “must be basic to the judicial decision under review and equivalent to a denial of due process” (quoting Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994))); Maddox v. State, 760 So.2d 89, 100 (Fla.2000) (“[A] fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.”). Therefore, we reverse the sentences imposed and remand for resentencing before a different judge, who may properly determine whether a downward departure sentence is appropriate.
AFFIRMED in part; REVERSED in part; and REMANDED.
TORPY, C.J. and SAWAYA, JJ. concur.

. § 812.019(1), Fla. Stat. (2013).

. § 539.00 l(8)(b)8., Fla. Stat. (2013).

.In addition to the four offenses before the court, Appellant’s scoresheet included a record of 19 prior crimes, the majority of which *772 involved crimes of dishonesty. Despite this impressive criminal history, the lowest permissible' prison sentence was 17.85 months. The trial court sentenced Appellant to serve 41.85 months in the Department of Corrections, concurrent on all counts.

. In its answer brief, the State candidly acknowledged that there may be a due process violation if the trial court’s comments can be construed to reflect a generalized policy that it will never consider a downward departure sentence when a defendant is convicted by a jury.