Forst, J.
Appellant Brian Kovalsky appeals the denial of his motion for downward departure. He argues the trial court failed to recognize that he had a valid legal basis meriting consideration of his departure motion — a qualifying mental illness. For the reasons explained herein, we reverse the trial court’s denial of Appellant’s motion and remand the case to a different judge for further proceedings.
*1193 Background
On September 9, 2014, the State of Florida charged Appellant by information with 187 counts of knowingly possessing child pornography contrary to section 827.071(5), Florida Statutes. The State found a total of 187 files on Appellant’s computer, “comprised of both photographs and videos, all of which showed children ... in sexual conduct or sexually-explicit situations.” Appellant entered an open, no contest plea to the charges. He expressly acknowledged that the maximum possible penalty for his crimes was 935 years, while the mandatory minimum was 56.66 years.
During sentencing, Appellant moved for a downward departure pursuant to section 921.0026(2)(d), Florida Statutes, based on an apparent mental disorder — “Avoidant Personality Disorder.” He presented the testimony of a psychologist who was an expert in forensic and clinical psychology. Following a previous clinical interview with Appellant lasting “a couple of hours,” the doctor diagnosed Appellant.
I diagnosed him with what’s called the “avoidant personality disorder” and this is pretty much as it sounds, as an individual that has a very low self-esteem, very insecure, has limited, if not any interaction with ... people and they are very, uh, self-critical, very shameful of their appearance, very sensitive to being criticized by others and that causes them to avoid social interaction to avoid any kind of interpersonal relationships other than with family.
The doctor continued by noting that Appellant seemed to have the disorder since he was eighteen years old. The doctor concluded the disorder “certainly meets the criteria for a mental health diagnosis.” He also believed Appellant required specialized treatment, and would be amenable to such treatment.
The trial judge questioned whether Avoidant Personality Disorder was a mental disorder. The judge asked: “But is that a mental disorder or is that just a ... personality disorder? ... I mean, I don’t remember him qualifying as a mental or emotional or ... psychological or otherwise, it was just a disorder that he had.” The judge later added, “I listened to Dr. Landrum and I didn’t quite categorize this avoidant personality disorder as one that was mental illness, a mental disease.” In denying Appellant’s motion for downward departure at the sentencing hearing, the trial court stated, “I do not think that there is a — a sufficient basis for me to depart from — from the Criminal Punishment Code Guidelines.” The court sentenced Appellant to the mandatory minimum of 56.66 years in prison, followed by fifty years of sex offender probation.
After the trial court pronounced his sentence, Appellant’s counsel asked the judge, “for the record, just to be clear, you didn’t find according to the testimony from [Appellant’s medical expert witness] on the report that there was any mental illness that allowed you to downward depart from the sentencing guidelines?” The judge responded, saying “[tjhat’s correct.”
I — I didn’t think that — that whatever [the expert] testified to was a sufficient basis for departing from the guidelines pursuant to 921.0026(2)(d).... I also didn’t hear him say that this treatment that he offered is — is in anyway specialized, but although he did seem to think that he may not be able to get the intensity of treatment that he would like at the Department of Corrections, but I don’t think that qualifies as specialized treatment, but, in any event, I determined it would not be appropriate for me to depart from the guidelines.
Subsequently, Appellant filed a Motion to Correct Sentence pursuant to Florida Rule *1194 of Criminal Procedure 3.800(b)(2), arguing the trial court wrongly denied his motion for downward departure. Appellant made only one argument in the motion, that the trial court incorrectly determined that Avoidant Personality Disorder was not a mental disorder qualifying him for a departure. Appellant primarily relied on the doctor’s representations at the sentencing hearing, as well as the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, which classifies all personality disorders as mental disorders.
In its response, the State asserted, in relevant part:
The court clearly held that he felt the Defendant failed to present sufficient evidence to warrant a downward departure sentence and explained that although the Defendant suffers from mental or personality disorder that it was not sufficient to warrant the Court departing downward. The .Court further stated that he did not feel the Defendant proved that the treatment necessary was so specialized that it could not be provided in the Department of Corrections.
The Court ultimately agreed with the argument of the State, that based on the seriousness of the crime of child pornography, the age and sexual actions contained on the videos in the Defendant’s possession; the large collection of child ■pornography possessed by the Defendant and the deviant nature of the other pornography possessed by the Defendant that a departure was not warranted. Not everyone that qualifies for a departure sentence should be sentence[d] to a departure.
Adopting the State’s response, the trial court denied Appellant’s motion in a written order.
The Court incorporates the State’s response and adopts the State’s reasoning in finding that the Defendant is not entitled to relief ... ,• Based on the evidence presented, including the large and deviant nature of the Defendant’s child pornography collection, this Court [initially] determined that a downward departure sentence was not warranted. This Court also found that the Defendant had not demonstrated that his necessary treatment was so specialized that it could not be provided in the Department of Corrections. When the Court’s comments are taken as a whole, it is apparent that the Court is stating that the evidence justifying a downward departure was not sufficient, not as a matter of law but as a matter of this Court’s discretion.
Analysis
We apply a mixed, two-part review when analyzing a downward departure sentence. Fogarty v. State, 158 So.3d 669, 670 (Fla. 4th DCA 2014); State v. Simmons, 80 So.3d 1089, 1092 (Fla. 4th DCA 2012). “First, the [trial] court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1).” Fogarty, 158 So.3d at 670 (quoting Banks v. State, 732 So.2d 1065, 1067 (Fla. 1999)). The standard of review .for step 1 is whether competent substantial evidence supports the trial court’s ruling. Id. If the defendant’s • motion satisfies the criteria for step 1, the trial court then “must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors.”. Id. (quoting Banks, 732 So.2d at 1068). Our standard of review is abuse of discretion; “[discretion is abused only where no reasonable person would *1195 agree with the trial court’s decision.” Id. (quoting Banks, 732 So.2d at 1068).
Section 921.0026, Florida Statutes, addresses the mitigating circumstances in which • a court may. award a downward departure. In the present case, Appellant argues he is entitled to be considered for a downward departure because he met one particular circumstance noted in the statute: “The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” § 921.0026(2)(d)j Fla. Stat. The Florida Supreme Court has held that this provision requires defendants to prove the following three elements by a preponderance of evidence: “(1) the defendant has, a mental disorder (unrelated to substance abuse or addiction) or a physical. disability; (2) which requires specialized treatment; and (3) the defendant is amenable to such treatment.” State v. Chubbuck, 141 So.3d 1163, 1171 (Fla. 2014) (footnote omitted).
Here, the trial court erred at the initial sentencing hearing when applying step 1 of the two-part test for a downward departure. The trial court did correctly conclude, based on the evidence presented, that Appellant’s condition required specialized treatment and that he would be amenable to such treatment. However, the court wrongly concluded, based on the same evidence, that Avoidant Personality Disorder was not a mental disorder under the statute. As the doctor opined, the condition “certainly meets the criteria for a mental health diagnosis.” The court erred in disregarding the only available evidence on this matter; the State never contradicted the doctor’s testimony, and thus, there was no competent, substantial evidence to support the court’s denial. In. fact, there is precedent from one of our sister courts regarding this exact disorder which supports. Appellant’s argument. See State v. Osborn, 717 So.2d 1110, 1110-11 (Fla. 5th DCA 1998) (holding that a trial court did not err in qualifying Avoidant Personality Disorder as a mental disorder under the downward departure statute).
Perhaps realizing its mistake, but not acknowledging it, the trial court attempted 'to rectify its legal error in its subsequent order denying Appellant’s Motion to Correct Sentence. Piggybacking on the State’s response, the trial court took the position that, regardless of its ruling on step 1 of the two-part test, it ultimately exercised its discretion in step 2 to deny Appellant’s motion because, based on the nature of the offenses, a departure sentence “was not warranted.”
However, the transcript of the sentencing hearing does not support the trial court’s/State’s contention. Although the trial court did make note of 'the “particularly disturbing” nature and volume of Appellant’s possession of child pornography at sentencing, the judge specifically said that he “didn’t quite categorize this avoi-dant personality disorder as one that was a mental illness, a mental disease,” and indicated that he was “confined” and “required to impose” a sentence within the sentencing guidelines in the absence of “some legal reason to depart from that sentence.” As noted above, the judge subsequently clarified that he “didn’t think that — that whatever [the expert] testified to was a sufficient basis for departing from the guidelines pursuant to 921.0026(2)(d).”
It is clear from the record that the trial court’s ultimate determination was that Appellant failed to satisfy step 1 of the downward departure analysis. Although the judge discussed both aggravating and mitigating factors, with respect to a step 2 analysis, it is unclear whether, at the initial sentencing, the trial court had determined that it “should hot” downward depart, as opposed to determining that it was “confined” by the step 1 determination and *1196 thus downward departure was not an option. Based on what the judge actually said, it is not “apparent that the Court is stating that the evidence justifying a downward departure was not sufficient, not as a matter of law but as a matter of this Court’s discretion.” Moreover, the judge (and State) erroneously indicated that it is the responsibility of Appellant to “demonstrate[ ] that his necessary treatment was so specialized that it could not be provided in the Department of Corrections.” [1]
Accordingly, the appropriate course of action is to remand this case for a new sentencing hearing before a different trial judge. As set forth above, there is competent substantial evidence that step 1 of the downward departure statutory process has been satisfied. Therefore, the trial court on remand must proceed to step 2 and “weigh the totality of the circumstances in the case, including aggravating and mitigating factors,” in “determining] whether it should depart.” Fogarty, 158 So.3d at 670 (quoting Banks, 732 So.2d at 1068).
Conclusion
As set forth above, we reverse the trial court’s ruling on step 1 of the downward departure issue and remand for a new sentencing hearing, before a different judge, consistent with this opinion.

Reversed and remanded.

Ciklin, C.J., and Levine, J., concur.

. In denying Appellant’s Motion to Correct Sentence, the trial court wrongly relied, in part, on Appellant’s inability to "demonstrate[] that his necessary treatment was so specialized that it could not be provided in the Department of Corrections.” The State’s response to Appellant's motion, which the court adopted in its order, also wrongly claimed that Appellant had to prove that his treatment "was so specialized that it could not be provided in the Department of Corrections.” The Florida Supreme Court’s opinion in State v. Chubbuck requires no such proof. In fact, it holds the opposite: "the plain language of subsection 921.0026(2)(d) does not require the defendant to prove that the required specialized treatment is unavailable in the DOC.” Chubbuck, 141 So.3d at 1171.