DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIAN BROOK DESANTIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4260

[March 21, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn Kelley, Judge; L.T. Case No. 502014CF008876A.

Gregory Salnick of Law Offices of Salnick & Fuchs, P.A., West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

This appeal arises from a tragic accident resulting in the defendant's conviction and sentence for manslaughter, improper exhibition of a firearm, and possession of a firearm by a minor. He argues the trial court made multiple errors in admitting evidence, instructing the jury, and sentencing the defendant. We agree with him only on the sentencing issue. We reverse and remand the case for resentencing before a different judge.

Law enforcement responded to the defendant's 911 call claiming a shooting had occurred. When the officers arrived, the victim was deceased. The defendant, who was 17 at the time, ultimately admitted that he accidentally shot the victim.

At the police station, the defendant told the police that he and his friends were at his apartment playing with a 9mm handgun when he accidentally shot his friend. He confirmed that they had been drinking alcohol and smoking marijuana. He appeared visibly shocked and shaken.

The State charged the defendant by amended information with

manslaughter with a firearm, aggravated assault with a firearm, and possession of a firearm by a minor. Prior to trial, the defendant moved for the court to consider sentencing him as a juvenile; the trial court denied the motion.

The jury found the defendant guilty of manslaughter, possession of a firearm by a minor, and the lesser included offense of improper exhibition of a dangerous weapon. The defendant then moved for a downward departure. The State asked for 20 years in prison.

The trial court found there were reasons to depart from the guidelines, but chose not to exercise its discretion in departing. The court stated that a 20-year sentence was inappropriate as well. The trial court sentenced the defendant to 124.8 months in accordance with the sentencing guidelines.

On appeal, the defendant argues that the trial court fundamentally erred in failing to consider a youthful offender sentence based on its stated policy of not imposing youthful offender sanctions in death cases. The State responds that the trial court properly considered the facts and exercised its discretion in imposing an appropriate sentence.

We apply a mixed two-part review when analyzing a downward departure sentence. *Kovalsky v. State,* 220 So. 3d 1192, 1194 (Fla. 4th DCA 2017). In the first step, the trial court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it. *Id.* In reviewing the first step, we must determine whether competent substantial evidence supports the trial court's ruling. *Id.*

In the second step, the trial court must decide whether to depart, i.e., whether departure is indeed the best sentencing option. *Id.* This requires the trial court to weigh the totality of the circumstances, including aggravating and mitigating factors. *Id.* We review this decision for an abuse of discretion, which occurs where no reasonable person would agree with the trial court's decision. *Id.* at 1194-95.

Here, the defendant moved for a downward departure, and requested a youthful offender sentence. He argued that he suffered from a depressive disorder and has dependent, antisocial, and self-defeating personality traits. He argued the court should downwardly depart based upon his cooperation with law enforcement. He was seventeen at the time of the incident, and it was isolated and committed in an unsophisticated manner.

2

Though the State and trial court agreed there was a legal basis for departure based on the defendant's remorse and the crime being unsophisticated and isolated, it chose not to depart. The trial court sentenced the defendant to 124.8 months in accordance with the sentencing guidelines. In doing so, the trial court stated:

> This is criminal conduct because the law defines culpable negligence as criminal conduct. It's not a justifiable killing and therefore it is criminal. But it is a very, very difficult type of case to deal with.
>
> But that's my job and that's what I'm going to do at this time. **I have told you from the beginning, the loss of a life, the taking of a life, I do not view as a youthful offender sentence.** I do believe that [the defendant] is remorseful. I believe that and I believe that if he could do anything to prevent what has now happened, if he could go back in time, he would. But there are consequences to taking a life, and those consequences do not involve a youthful offender sentence.
>
> On the other hand I do have to take into account his age, his immaturity, and those types of factors, including those things that I've heard from everybody here in passing sentence.
>
> Candidly, I believe this is a case where probably the guidelines got it right. I do not believe it's a twenty year sentence. I do not believe it's a six year sentence. I believe the guidelines are the appropriate sentence in this case.

(Emphasis added).

On appeal, the defendant argues the trial court's policy of not allowing youthful offender sentences in cases involving death is arbitrary and a denial of due process. He cites to *Pressley v. State*, 73 So. 3d 834 (Fla. 1st DCA 2011), and *Fraser v. State*, 201 So. 3d 847 (Fla. 4th DCA 2016).

In *Pressley*, the First District held "the trial court's stated policy of not considering 'boot camp,' which is a type of youthful offender sentence, without any reflection on the individual merits of this particular defendant's case is arbitrary and, consequently, a denial of due process." 73 So. 3d at 838.

3

In *Fraser*, the trial court expressed deep concern over mental health being considered as a basis for a downward departure. 201 So. 3d at 849. The court expressed its view that almost every person who commits a crime has some sort of mental aberration. *Id.* We reversed and held the trial court erred in implying that, as a policy matter, it would not consider a defendant's mental health as the downward departure statute expressly lists a mental disorder as a mitigating circumstance. *Id.* at 849-50.

Here, the defendant argues the trial court's statement that it does not consider youthful offender sentences in cases involving a death indicates an express policy—a refusal to use its discretion. The trial court expressed how difficult the sentencing decision was in this case, and specifically noted that it was considering the defendant's age, immaturity, and remorse. After explaining its thought-process and analysis, the court determined that neither a 6-year nor a 20-year sentence was appropriate. Rather, the sentencing guidelines "got it right."

The problem comes with the court's statement that it had told the defendant "from the beginning, the loss of a life, the taking of a life, I do not view as a youthful offender sentence." Despite the trial court's evaluation of the required factors during the sentencing hearing, the statement reveals that prior to hearing the case, the trial court had determined it would not use its discretion to impose a youthful offender sentence. This predetermined policy requires us to reverse.

This is especially true in evaluating the sentencing of someone who was a juvenile at the time of the offense. In recent years, we have adhered to our supreme court's liberal application of *Graham v. Florida*, 560 U.S. 48 (2010), to long-term prison sentences imposed on juveniles. *See, e.g., Andrevil v. State*, 226 So. 3d 867 (Fla. 4th DCA 2017).

We therefore reverse and remand the case for sentencing before a different judge.

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**