DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA E. WALLACE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1511

[October 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 2016-CF-009840-BMB.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Joshua Wallace was convicted of aggravated battery with a firearm and trespass in a structure. He was sentenced to twenty-five years in prison. Appellant raises seven issues on appeal. We affirm on all issues, writing only to address Appellant's challenge to the trial court's sentencing; specifically, its failure to sentence Appellant as a youthful offender.[1]

**Background**

Appellant was not yet eighteen years old on the day of the offenses for which he was convicted. On that day, Appellant's uncle attempted to steal an unoccupied, idling car parked outside of a Burger King. The driver of the car, who had gotten out to look for his friend, looked back and saw what was happening. He ran to the car, and managed to reach in and put the car in neutral. The driver then began struggling with Appellant's

---

[1] *See* § 921.0026(2)(*l*); § 958.04, Fla. Stat. (2016).

uncle. Appellant responded by firing a weapon at the driver of the car, with shots hitting the driver in his back and knees. The driver was able to reach into the car and drive off. Appellant, his uncle, and a third person fled the scene, and entered a shed that was located on private property. Appellant was arrested and identified as the shooter by the driver, an eyewitness, and the third person who fled with Appellant and his uncle. He was charged for carjacking with a firearm that inflicted great bodily harm and burglary while armed with a firearm; he was convicted of the lesser-included offenses of aggravated battery and trespass.

After the jury returned its verdict, the trial court considered its sentencing options and heard evidence on Appellant's request for a youthful offender sentence of six years, as opposed to the otherwise minimum sentence of twenty-five years. The trial court indicated several times that it did not like the narrowness of its sentencing choices and wished it had "more discretion in cases like this."

After hearing arguments from both parties regarding a youthful offender sentence rather than a twenty-five year sentence, the trial court informed the parties that it would pronounce the sentence at a later date. The trial judge stated that he wanted "to give [himself] just a little additional time after considering everything." The trial judge then advised that he would give "some random thoughts which should give no one comfort or discomfort":

> In a general sense—and I'm not making any specific findings at this time—but in a general sense youthful offender sentence is not appropriate in a case where someone shoots another individual.
>
> I sat through this trial, I heard the evidence, the clip was unloaded and an individual was shot and struck twice. That individual could be dead; we could be facing a Murder case as opposed to an Aggravated Battery case.
>
> So in a general sense, youthful offender in cases where there's been a discharge with actual physical injury in my view is not the type of case ought to be receiving a youthful offender sentence.
>
> On the other hand, what I've expressed before is I also don't think my hands should be tied to 25 years, so I don't think that in all circumstances is an appropriate sentence particularly when you're dealing with a 17 year old.

But that's the legal sentence that should be imposed if a youthful offender sentence is not to be imposed and is not appropriate.

And I'm just basically telling both sides I'm not comfortable with my choices, but those are my choices and this is my job. So I will pronounce a legal sentence on Friday, but I do want to have at least a little additional time to let all of this percolate.

I wish I had some discretion between the 6 and 25, I don't, it's that. That's my discretion. It's either I pronounce a YO with a maximum of 6 years or I pronounce 25; those are my only choices at this point.

So I have to make that choice and I will, but it's not a comfortable position and I—you know if the Legislature decides to change that, they will. I don't think they're going to, but it's just not a comfortable position to be in.

So rather than just knee jerk after the evidence and the testimony, I think I need to think about this just a little bit longer and decide how I want to sentence. But I know what I have to do, and I'm going to pronounce a legal sentence. And the fact that I find it uncomfortable or disturbing is of no moment, that's my job.

One week later, the trial court pronounced a sentence of twenty-five years (with review after twenty years) for the aggravated battery with firearm conviction, noting that "the bottom line is this; this crime cannot be punished by a YO sentence . . . given the nature and circumstances of the crime."

## Analysis

As Appellant failed to raise an objection to the sentence, it is reviewed for fundamental error. Fundamental error occurs when a trial court refuses to consider a legislatively authorized sentencing option as a matter of policy, and its occurrence is a pure question of law reviewed de novo. *Cromartie v. State*, 70 So. 3d 559, 563 (Fla. 2011). "[A]n error that improperly extends the defendant's incarceration or supervision would likely impress us as fundamental." *Id.* at 564 (quoting *Maddox v. State*, 760 So. 2d 89, 100 (Fla. 2000)).

3

Appellant argues that the trial court failed to give proper consideration to the request for a youthful offender sentence and, rather than exercising its discretion, followed a "general policy of not imposing a youthful offender sentence when the offender discharged a gun and caused physical injury."

In his initial brief, Appellant principally relies upon *Little v. State*, 152 So. 3d 770 (Fla. 5th DCA 2014). *Little*, however, is clearly distinguishable, as the trial court in that case informed the parties that "[w]hen a jury finds a defendant guilty, I don't downward depart," because doing so would "be showing the jury such disrespect by not considering their views of the facts." *Id.* at 772. The district court determined that the trial court's "arbitrary policy" constituted reversible fundamental error. *Id.* at 771. The trial court in *Little* did not have a general policy—it had a hard and fast rule. Unlike the present case, where the court took extra time to consider its options, the trial court in *Little* informed defense counsel that there was no need to "waste your breath." *Id.* at 772.

In his reply brief, Appellant discusses this Court's recent opinion in *DeSantis v. State*, 240 So. 3d 751 (Fla. 4th DCA 2018), issued shortly after the initial brief was filed. In *DeSantis*, the same trial judge who sentenced Appellant in the instant case similarly denied a request for a youthful offender sentence. *Id.* at 752. There, the defendant had been convicted of manslaughter, after accidentally shooting a friend after drinking alcohol and smoking marijuana. *Id.* The trial court once again decried its limited options of a six-year youthful offender sentence and the otherwise minimum sentence of roughly twelve years. *Id.* at 753. After noting that "it is a very, very difficult type of case to deal with," the trial court stated "**I have told you from the beginning, the loss of a life, the taking of a life, I do not view as a youthful offender sentence**," and "there are consequences to taking a life, and those consequences do not involve a youthful offender sentence." *Id.*

We reversed the sentence and remanded for sentencing by another judge, finding that the emboldened sentence "reveals that prior to hearing the case, the trial court had determined it would not use its discretion to impose a youthful offender sentence." *Id.* at 754.

In the instant case, the trial court did not announce such a "predetermined policy." *See id.* To the contrary, the trial court alluded to a *general* policy, and announced that it would not immediately pronounce a sentence because "I need to think about this just a little bit longer and decide how I want to sentence." We note that the trial court was not using more innocuous language in response to our *DeSantis* opinion, as this

4

sentencing occurred well before the issuance of that opinion. Denying a request for a youthful offender status "given the nature and circumstances of the crime" does not lead to the conclusion that the trial court had an ipso facto sentencing policy for shootings, as distinguished from the same judge's expressly stated policy in cases involving a death.

## Conclusion

The trial court here wrestled with its options before rejecting a youthful offender sentence based on "the nature and circumstances of the crime." This was not the application of an arbitrary or predetermined sentencing policy. Accordingly, as to this issue as well as the other issues raised on appeal, we affirm.

*Affirmed.*

LEVINE, J., concurs.
TAYLOR, J. dissents with opinion.

TAYLOR, J., dissenting.

I respectfully dissent as to the sentencing issue discussed in the majority opinion. It is well-settled that "judicial application of a policy against consideration of a lawful sentence is a violation of a defendant's due process." *Pressley v. State*, 73 So. 3d 834, 837 (Fla. 1st DCA 2011). Here, the trial court fundamentally erred in applying a general sentencing policy that a "youthful offender sentence is not appropriate in a case where someone shoots another individual."

The present case is not materially distinguishable from our recent precedent in *DeSantis v. State*, 240 So. 3d 751 (Fla. 4th DCA 2018). In *DeSantis*, we held that the same trial judge who sentenced the defendant (Wallace) in this case fundamentally erred in expressing a sentencing policy that "the loss of a life, the taking of a life, I do not view as a youthful offender sentence." *Id.* at 754. We explained: "Despite the trial court's evaluation of the required factors during the sentencing hearing, the statement reveals that prior to hearing the case, the trial court had determined it would not use its discretion to impose a youthful offender sentence. This predetermined policy requires us to reverse." *Id.*

Similarly, in this case, the trial court twice expressed a "general sense" that a youthful offender sentence was not appropriate where someone shoots another individual. In other words, the trial judge indicated that he would not ordinarily impose a youthful offender sentence in shooting

5

cases as a general policy, even though the legislature has not adopted such a policy in the statute governing youthful offender sentencing. *See* § 958.04, Fla. Stat. (2016). This was improper.

Despite the trial court's evaluation of mitigating factors during the sentencing hearing, the comments at issue reveal that the trial court had a predetermined general policy that it would not use its discretion to impose a youthful offender sentence in shooting cases. While the trial court did at least consider deviating from this general policy due to the harsh 25-year minimum mandatory sentence that would otherwise apply, the trial court ultimately concluded that the "bottom line" was that "this crime cannot be punished by a YO sentence."

In short, the trial court's sentencing decision relied, at least in part, on a predetermined general policy that a youthful offender sentence is not appropriate where someone shoots another individual. At a minimum, the State has failed to meet its burden to show that the trial court did not rely on an impermissible predetermined policy in imposing sentence. *See Strong v. State*, 43 Fla. L. Weekly D1393, 2018 WL 3060219, *3 (Fla. 4th DCA June 20, 2018) ("It is the State's burden to show that the trial court did not rely on impermissible factors in sentencing.").

We should reverse and remand for resentencing before a different judge. *See DeSantis*, 240 So. 3d at 751.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***