NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RUSSELL RIOUX,                    )
                                  )
            Appellant,            )
                                  )
v.                                )          Case No. 2D17-4042
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____ )

Opinion filed June 28, 2019.

Appeal from the Circuit Court for Polk
County; James A. Yancey, Judge.

Howard L. Dimmig, II, Public Defender,
and Karen M. Kinney, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.

        Following a second resentencing proceeding, the trial court sentenced

Russell Rioux to twenty-three years' imprisonment to be followed by life probation for

each of six counts: four counts of sexual battery on a person less than twelve by a

person less than eighteen (counts one through four) and two counts of lewd or

lascivious molestation on a person less than twelve by a person less than eighteen

(counts five and six).  Rioux then initiated this appeal.  During the pendency of the appeal, Rioux filed a motion to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2), alleging, among other things, that the sentences on counts five and six exceeded the statutory maximum of fifteen years' imprisonment.  The trial court granted that motion and, in relevant part, reduced the sentences for counts five and six to fifteen years' imprisonment.  However, the amended sentencing document still included the life probationary terms for those offenses.  Rioux therefore filed another rule 3.800(b)(2) motion, alleging that the aggregate length of his split sentences still exceeded the statutory maximum.  The trial court failed to rule on that second motion within the sixty days provided by rule, resulting in its being deemed denied.  See Fla. R. Crim. P. 3.800(b)(2)(B).

The State correctly acknowledges that the sentences for counts five and six remain illegal.  Counts five and six are both second-degree felonies that are punishable by a maximum of fifteen years' imprisonment.  See §§ 800.04(5)(c)(1), 775.082(3)(c), Fla. Stat. (2007).  And "[t]he law is clear that when a defendant is sentenced to a split sentence consisting of incarceration and probation, as provided by statute, the combined sanction cannot exceed the maximum period of incarceration provided by law."  Smith v. State, 584 So. 2d 154, 154 (Fla. 2d DCA 1991) (citing State v. Holmes, 360 So. 2d 380, 383 (Fla. 1978)).  The sentences imposed on counts five and six of fifteen years' imprisonment to be followed by life probation are therefore illegal.  Accordingly, we reverse those sentences and remand for the trial court to impose sentences that do not exceed fifteen years.

Last, although not raised by the parties, we observe a scrivener's error in the corrected judgment rendered on January 12, 2018. That judgment indicates that for counts five and six Rioux was convicted of lewd or lascivious molestation on a victim between the ages of twelve and sixteen. However, the record reflects that Rioux pleaded guilty to all six counts as charged, and the charging information alleged that the victims for counts five and six were both under twelve years of age. See also Rioux v. State, 48 So. 3d 1029, 1029 (Fla. 2d DCA 2010) (affirming Rioux's convictions for "lewd molestation on persons less than twelve years old"). Accordingly, on remand the trial court shall also render a corrected judgment amending counts five and six to reflect that Rioux was adjudicated guilty of lewd or lascivious molestation on a person less than twelve by a person less than eighteen.

Reversed and remanded with instructions.

SLEET and BADALAMENTI, JJ., Concur.