DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIERRA TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1079

[October 23, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432020CF001229A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant appeals her sentence for a non-violent third-degree felony. She contends that the trial court fundamentally erred in predetermining her sentence by commenting during the plea colloquy that it would put her on probation. In addition, she maintains that her sentence exceeds what was allowable under section 772.082(10), Florida Statutes (2023). We affirm as to both issues.

The State charged appellant by information with one count of third-degree felony grand theft. Appellant entered an open plea of no contest. At the plea hearing, the trial court commented that it would put her on probation. On appeal, she contends that this was fundamentally erroneous, because the court was predetermining her sentence. We disagree that this was a predetermination, as the court mentioned probation in connection with explaining to appellant that a violation of probation could mean incarceration in prison. Later, during the plea colloquy, the court also said that it did not know what the sentence would be. Thus, the court did not predetermine appellant's sentence.

*Gunn v. State*, 275 So. 3d 265 (Fla. 1st DCA 2019), relied on by appellant, is distinguishable. There, the trial court told the parties *prior to trial* that it would sentence the defendant consecutively for the robbery on which he was being tried and the violation of probation which was also pending. *Id.* at 265. Nor is this case similar to *DeSantis v. State*, 240 So. 3d 751 (Fla. 4th DCA 2018), where the trial court declined to impose a youthful offender sentence, because it had determined "from the beginning" that a youthful offender sentence was inappropriate for the taking of a life. *Id.* at 754.

Moreover, both *Gunn* and *DeSantis* differ from appellant's case, because in those cases, the trial court's predetermination went to the sentence's length and severity. Here, when the court mentioned probation, the court did not make any pronouncements regarding the sentence's length or severity. We conclude that the trial court did not predetermine appellant's sentence, and no fundamental error occurred.

As to appellant's sentencing, her scoresheet showed a score of less than 22 points. Pursuant to section 772.082(10), the court sentenced her to 330 days in county jail followed by two years of community control and two years of probation. She claims that her sentence is illegal because it exceeds the sentence permitted pursuant to section 775.082(10), which she interprets as allowing only a sentence to incarceration in the county jail. *See* § 775.082(10), Fla. Stat. (2023) ("If a defendant is sentenced for an offense . . . which is a third degree felony but not a forcible felony . . . and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction."). The probation and community control, she argues, exceeds the statutory maximum.

We have already decided this issue adverse to appellant's position in *Pozos v. State*, 381 So. 3d 617 (Fla. 4th DCA 2024). In *Pozos*, the defendant pled no contest to the third-degree felony. *Id.* at 618. Like appellant here, the defendant in *Pozos* was sentenced, pursuant to section 775.082(10), to a year in county jail followed by two years of community control and two years of probation. *Id.* In affirming the sentence upon appeal, this Court wrote:

> Here, by sentencing the defendant to one year in the county jail, to be followed by two years' community control, to be followed by two years' probation, the circuit court sentenced the defendant to a "nonstate prison sanction," and not a "state correctional facility," as those phrases are commonly understood. Although a nonstate prison sanction of county

2

jail incarceration must be limited to one year, nothing in section 775.082(10) restricts the aggregate duration of all nonstate prison sanctions to one year. Rather, the only durational limitation upon the defendant's combined five-year sentence of incarceration, community control, and probation is found in [section 775.082(3)(e)], Florida Statutes (2018), with which the defendant's sentence complies. *See* § 775.082(3)(e), Fla. Stat. (2018) ("A person who has been convicted of . . . a felony of the third degree, [may be punished] by a term of imprisonment *not exceeding 5 years.*") (emphasis added); *Smith v. State*, 584 So. 2d 154, 154 (Fla. 2d DCA 1991) ("The law is clear that when a defendant is sentenced to a split sentence consisting of incarceration and probation . . . *the combined sanction cannot exceed the maximum period of incarceration provided by law.*") (emphasis added).

*Id.* at 621. *Pozos* is on-point. Appellant's sentence does not exceed one year of incarceration and does not exceed five years in total. The sentence is not illegal.

*Affirmed.*

MAY and CONNER, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**